MARTIN HUMPHREYS, Defendant in Error, *v.* GABRIEL LUNDY, Plaintiff in Error.

1. *Justices' Courts—Judgments—Limitatioms.*—Judgments rendered in a justice's court are not barred by the statute of limitations. (R. C. 1855, p. 1053, § 16.)

2. *Justices' Courts—Judgment—Scire Facias.*—A *scire facias* under the provisions of the statute (R. C. 1855, p. 951, §§ 7-9), to revive a justice's judgment, may issue after a lapse of ten years. The provisions of the act relating to judgments, (R. C. 1855, p. 902,) apply only to judgments of courts of record.

3. *Practice—Judgment—Scire Facias.*—A *scire facias* to revive a judgment is not a suit upon the judgment, in which the plaintiff recovers the amount of the original judgment, with interest and costs. The proper entry, is to award execution for the amount of the original judgment, with interest from its rendition, and costs.

*Error to Macon Circuit Court.*

*Hall & Oliver*, for plaintiff in error.

I. The court improperly refused to give the third and fourth declarations of law asked by defendant. (R. C. 1845, pp. 716-17; R. C. 1855, p. 1048; Acts 1856-7, pp. 77-8.)

II. This is a suit in fact for a debt founded on a liability other than a judgment of a court of record, and is governed by the statute of limitations of 1845. The act of 1855 concerning justices' courts does not apply. (Dash v. Vankleeck, 7 Johns. 494; Perkins v. Perkins, 7 Conn. 563.)

*Carr*, for defendant in error.

The only point in this case is, whether a judgment rendered by a justice of the peace is barred by any period of limitation, and if so, when and by what statute.

It is a general principle in the construction of a statute, that when it makes an innovation upon the common law, it must be strictly construed. (16 Johns. 7; 4 Binn. 116; 5 Denio, 119; 1 Barb., S. C., 65; 3 Kelly, 31; 4 Mass. 471; 15 Mass. 205; 9 Pick. 496; 13 id. 284; 3 Stew. & Por. 13; 2 Humph. 320.) A statute of limitations is an innovation upon the principles of the common law, and hence must be

strictly construed, inasmuch as it deprives a party of a just right.

A judgment rendered by a justice of the peace may be enforced by issuing execution thereon at any time within three years after its rendition ; but not after that period, unless such judgment shall have been revived in the manner prescribed. (R. C. 1855, p. 951, §§ 7-10.) There is no limitation in the chapter relating to the establishment of justices' courts, upon the right of revival thus conferred upon the plaintiff, whose judgment has not been paid off or satisfied. And the only defence which the defendant is authorized or allowed to make, when cited before the justice to show cause why the judgment shall not be revived, and an execution issued thereon is, "*that the judgment has been paid or satisfied.*" (Id. § 10.)

Now, here is a full, complete, and adequate remedy furnished by the act itself, without any extraneous aid being invoked from any other statute. And the right of revival thus conferred, is nowhere taken away by any statute, by express terms, or even by any fair implication. The plaintiff in error invoked the aid of the statute of limitations (R. C. p. 1048, § 3,) by quoting these words: "Obligations or liability." Now, these words do not apply to a judgment of a justice of the peace. The revival of a judgment is not a "*civil action*," and hence it is not embraced in said section.

HOLMES, Judge, delivered the opinion of the court.

The plaintiff recovered a judgment before a justice of the peace in the county of Macon, on the 24th day of July, 1848, for the sum of $175.21. Nearly fifteen years afterwards, an affidavit for a *scire facias* to revive the judgment was filed with the successor of the justice who rendered the judgment. A *scire facias* was issued, and upon the answer of the defendant, a trial was had, on an issue of payment, before a jury, and there was a verdict and judgment for the plaintiff for $458.36, debt and damages. On appeal to the Circuit Court of Macon county, another trial was had, at the March

term, 1864, and a verdict rendered for the plaintiff, and judgment given for $283.64, debt and damages, the same to bear interest at six per cent. It does not appear by the record that the statute of limitations was set up as a defence on either trial; but on the last trial; the defendant asked the court to instruct the jury, among other things, "that a justice's judgment is a judgment, in the meaning of the act entitled 'An act regulating judgments and decrees,' approved December 1, 1855, and if the judgment of the justice, sought to be revived by this suit, has been rendered ten or more years before the commencement thereof, the plaintiff cannot recover a revival of his judgment." The act referred to in this instruction concerns only judgments and decrees of courts of record, which are a lien upon real estate, and it gives a remedy by *scire facias*, to revive a judgment and lien, within ten years from the rendition of the judgment. Judgments of justices' courts are not a lien upon real estate, and it is evident that they were not intended to be included within the provisions of that act. This proceeding appears to have been instituted under the act concerning "Justices' Courts." (R. C. 1855, p. 951, §§ 7–9.) This act contains no limitation on the time when a *scire facias* may be issued to revive a judgment in a justice's court. By the analogy of the statute of limitations, such judgment might be presumed to be paid after the lapse of twenty years. The defendant insists upon the act concerning limitations of civil actions as furnishing a bar. It provides that "Civil actions can only be commenced within the periods prescribed in the sections which follow, after the causes of action shall have accrued." (R. C. 1855, p. 1047, § 1.) It provides a limitation of five years upon "an action upon a contract, obligation or liability, express or implied," (except those mentioned in another section), "and except upon judgments or decrees of a court of record, and except where a different time is limited in this act." Judgments of courts not of record are not included within the exception, nor are they included within the purview of the act at all, unless a *scire facias* is to be considered as a civil ac-

tion. It has been held that a *scire facias* is a suit, within the statute providing that "every suit" shall be continued at the return term of the writ (Milsap v. Wildman, 5 Mo. 425), and also that the limitations in actions (R. C. 1845, Art. 1–3) did not, by any necessary implication from the provision contained in the act concerning a presumption of payment after the lapse of twenty years, apply to actions of debt on judgments (foreign or domestic) of courts of record. (Manning v. Hogan, 26 Mo. 570.) If this proceeding had been an action of debt on the judgment in another court, it might have fallen within the same exception. A clear distinction is made in the books between an action and a *scire facias*. Mr. Chitty, treating of debt on judgments, speaks of "the remedy by *scire facias*" as also frequently adopted, on which damages are not recoverable for detaining a debt, and therefore he considers it more judicious to proceed by action upon a recognizance of bail, than by *scire facias*, which is "only a continuation of a former suit, and not an original proceeding." (1 Chit. Pl. 127, 299; McGill v. Perigo, 9 J. R. 259.) It is not the commencement of an action to which the statute of limitations can be pleaded. (Brown v. Byrd, 5 Eng., Ark., 533; Evans v. White, 7 Eng., Ark., 33.) The judgment of a justice's court, though not a court of record, is the end and consummation of the action, and conclusive evidence of the debt, which is merged in the judgment, and nothing remains but to have execution thereof; and the general rule is that the statute of limitations is not pleadable to a liability founded on a *judgment of court*. (Ang. Lim. § 82; Pease v. Howard, 14 J. R. 479.) We find nothing in the statutes of this State which changes the rule with regard to the judgments of justices' courts. This judgment, then, was not barred by any statute of limitation. (Randolph v. Randolph, 3 Rand. 490; Gee v. Hamilton, 6 Mumf. 32.)

But the courts below appear to have proceeded as if the proceeding had been an action of debt on the judgment; and instead of merely reviving the former judgment and issuing a new execution thereon for the amount of the original

judgment, together with the interest accrued and costs, as they were authorized to do by the ninth section of the act, (R. C. 1855, p. 951,) they proceeded to a trial anew, and gave judgment for debt and damages, upon the verdict of the jury, not reviving the former judgment at all, but giving a wholly new judgment.

In this their action was clearly erroneous, and for this reason the judgment must be reversed, and the cause remanded. Judge Wagner concurs ; Judge Lovelace absent.