THOMAS J. KAY v. DANIEL WALTER.

JUDGMENT, *Action Upon, Barred by Statute.* On July 19, 1881, an action
was commenced in the district court of Johnson county, Kansas, against
K., on a certified transcript of certain proceedings had in the court of
common pleas of Bedford county, Pennsylvania, which transcript, it is
claimed, shows that a judgment was rendered in said common pleas
court against K. on May 26, 1864, and that such judgment was revived
on November 8, 1867, and again on February 26, 1877. These revivals
however, were had without any actual or personal notice to the defend-
ant; and at the time of such revivals the defendant was not within the
jurisdiction of the state of Pennsylvania, but within the territorial juris-
diction of the state of Kansas, and was a *bona fide* resident thereof. The
defendant set up as a defense, that the plaintiff's cause of action, if he
ever had any, was barred by the five-years statute of limitations. (Civil
Code, §18, subdiv. 6.) On the trial it was shown that the defendant
became a *bona fide* resident of Kansas on November 1, 1865, and that
he has continuously resided in the state of Kansas ever since, and has
never since been within the state of Pennsylvania. *Held,* That the re-
vivals of said judgment were merely *ex parte* proceedings, and, for the
purpose of enforcing them beyond the jurisdiction of the state of
Pennsylvania, are absolute nullities; and *further held,* that the plaintiff's
supposed cause of action is barred by the five-years statute of limita-
tions.

*Error from Johnson District Court.*

JANUARY 5, 1882, (Nov. Term, 1881, of the district
court,) plaintiff, *Walter,* recovered a judgment against de-
fendant, *Kay,* who brings the case here. The opinion states
the facts.

*A. Smith Devenney,* for plaintiff in error.

*E. B. Gill,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: On July 19, 1881, Daniel Walter com-
menced an action in the district court of Johnson county,
against Thomas J. Kay, on a certified transcript of certain
proceedings had in the court of common pleas of Bedford
county, Pennsylvania. The plaintiff below (who is now de-

fendant in error) calls these proceedings a "judgment," and for the purposes of this case, and by courtesy, we shall also call them a judgment. All of said proceedings are certified to be found "among the records and proceedings enrolled in the court of common pleas in and for the county of Bedford, in the commonwealth of Pennsylvania, to No. 34, August Term, 1864," and the supposed judgment is certified to be a "copy of continuance docket entry." The supposed judgment reads as follows:

"JOHN HAFER v. H. H. C. KAY, THOS. KAY AND JAS. E. KAY.— Prot. Shannon $153; atty. M. & S. 3.00; atty. Spang & tax .50; prot. Shannon .30; D. S. B. And now, to wit, May 26, 1864, the defendants, by their attys. Mann and Spang, appear and confess judgt. to the pltff. for the sum of four thousand five hundred dollars, payable as follows: $500 on the 1 June, 1864; $1000 the 1 Dec., 1864; $2000 1 June, 1865; $1000 on the 1 Dec., 1865, with costs of suit and stay of execution on each payment until due, with waiver of exemption laws as per statements and confessions filed. (Note stamped.)"

The only papers or proceedings upon which this supposed judgment was rendered, read as follows:

"IN THE COURT OF COMMON PLEAS OF BEDFORD COUNTY.— No. — of August Term, 1864.—Bedford County, ss.—John Hafer v. H. H. C. Kay, Thos. J. Kay and Jas. E. Kay.— The demand of the plaintiff, John Hafer, in this cause, is founded upon a single bill under the hands and seals of the above-named H. H. C. Kay, Thomas J. Kay and James E. Kay, defendants, duly executed, bearing the — day of May, A. D. one thousand eight hundred and sixty-four, (the said single bill having thereon an internal revenue stamp of the United States of America, of the denomination of two dollars and thirty cents,) by which said single bill the said defendants jointly and severally acknowledged themselves to owe and stand indebted to the said John Hafer, plaintiff, his heirs and assigns, viz.: Five hundred dollars on the 1st day of June, 1864; one thousand dollars on the 1st day of December, 1864; two thousand dollars on the 1st day of June, 1865, and the balance thereof, being one thousand dollars, on the 1st day of December, 1865, for value received; in which said single bill, in consideration of the credits given and for other

good and valuable considerations, the said defendants waived any advantage they might have had under the exemption laws of Pennsylvania, particularly the act of assembly of 1849, exempting $300 worth of property, real or personal, from levy and sale upon execution, which said sum of four thousand five hundred dollars, payable as aforesaid, is certified by the said John Hafer, plaintiff, to be justly due him from the said H. H. C. Kay, Thomas J. Kay, and James E. Kay, defendants, and yet unpaid, for which he prays judgment, etc.

MANN & SPANG, *Attorneys for Plaintiff.*"

" By virtue of a power of attorney contained in the foregoing single bill, we appear for the above-named H. H. C. Kay, Thomas J. Kay and James E. Kay, defendants, and confess judgment against them to the above-named John Hafer, plaintiff, for the sum of four thousand five hundred dollars, payable, viz.: $500 on the first day of June, 1864; $1,000 on the first day of December, 1864; $2,000 on the first day of June, 1865, and the balance thereof, being one thousand dollars, on the first day of December, 1865, with the costs of suit and stay of execution on each payment until' due; and I hereby waive all benefits which the said defendants might have under the exemption laws of Pennsylvania, particularly of the act of assembly of 1849, and hereby release all errors in entering the judgment.

MANN & SPANG.

" To O. E. Shannon, Esq., prot. atty's for def'ts, May 26, 1864."

Indorsed: "No. 34, Aug. 1, 1864. John Hafer vs. H. H. C. Kay, Thos. J. Kay and Jas. E. Kay. Filed May 26, 1864. O. E. Shannon, Prot."

It does not appear that any summons was ever issued in the case, or that any appearance was ever made by either of the defendants; nor does it appear that any judgment was ever rendered by the court itself; but if any judgment was ever rendered, it was simply rendered by the prothonotary of the court, and during vacation. The judgment, or supposed judgment, seems to have been rendered on May 26, 1864; and it also seems to have been rendered as of the August term of the common-pleas court of that year. Now, how a judgment could be rendered in vacation by a prothonotary as of a subsequent term of the court, does not appear; nor does it

appear that this supposed judgment, rendered by the prothonotary on May 26, 1864, was ratified or confirmed by the court itself at or during its subsequent August term. Indeed, it does not appear that anything was in fact done with reference to the case, either by the court itself or by the prothonotary, at or during the August term of the court of that year. Such proceedings, if had before any of the courts of this state, would not be valid. Possibly, however, proceedings had in Pennsylvania may be valid there; and for the purposes of this case we shall treat them as valid, not only in Pennsylvania, but valid here. At the time that this judgment was rendered, the defendant, Thomas J. Kay, resided in Bedford county, Pennsylvania; but on November 1, 1865, he became a resident of Johnson county, Kansas, where he has resided continuously ever since, and has never since been in the state of Pennsylvania.

The defendant answered to the petition filed by the plaintiff in the district court of Johnson county, setting up: First, *nul tiel record;* second, a general denial; third, the two-years statute of limitations; and fourth, the five-years statute of limitations.

We shall consider only the fourth and last of these defenses. Was the plaintiff's supposed cause of action barred by the five-years statute of limitations?

As before stated, the judgment sued on was rendered on May 26, 1864, and of course the plaintiff's cause of action, if he ever had any, then accrued. The defendant arrived in Kansas on November 1, 1865, and of course the statute of limitations in Kansas then commenced to run, and has continuously run ever since. But the plaintiff did not commence any action in Kansas on this supposed cause of action until July 19, 1881, being more than fifteen years after the supposed cause of action accrued. The plaintiff, however, claims that his original judgment was revived in the common-pleas court of Bedford county, Pennsylvania, at intervals, within the meantime, so as to prevent the Kansas statute of limitations from so running as to bar his action. It

seems that there were two such revivals. The first was had on November 8, 1867, and the second was had on February 26, 1877. It therefore appears that over nine years, and indeed nearly ten years, elapsed from the first revival to the second revival. Therefore, was not this second revival invalid?

Under the statutes of Pennsylvania, it would seem that a period of not more than five years should elapse between revivals; but it is possible that the second revival would not be void if a longer period were allowed to elapse between the two revivals, provided everything else with respect to the revivals were regular and valid. In the present case, however, these revivals cannot have any force or effect beyond the jurisdiction of the state of Pennsylvania; for the common-pleas court of Bedford county, Pennsylvania, had no jurisdiction of the person of the defendant, Thomas J. Kay. The defendant did not reside in that state at the time of these revivals, nor was he within its boundaries or its jurisdiction; but all the time and continuously he resided and remained within the territorial jurisdiction of the state of Kansas. No summons was ever served upon the defendant personally, nor did he make any appearance in the case, and there is no pretense that he ever had any actual notice of these revivals until after they had actually occurred. These revivals were had upon what they call in Bedford county, Pennsylvania, "two *nihils*," which simply mean that the sheriff has made two returns upon separate writs, that service cannot be made. These revivals in this case are therefore nothing but the purest *ex parte* proceedings; and therefore, for the purpose of enforcing them in other jurisdictions, are absolute nullities.

With reference to judicial proceedings had without jurisdiction, see the following cases: *Litowich v. Litowich*, 19 Kas. 451, 455, *et seq.*, and cases there cited; *Mastin v. Gray*, id. 461, *et seq.*, and cases there cited; *Ferguson v. Crawford*, 70 N. Y. 253, *et seq.*, and cases there cited.

It appears that the plaintiff in the present case, Daniel Walter, who is now defendant in error, is the owner of the

supposed judgment rendered in Bedford county, Pennsylvania, in favor of John Hafer, and against H. H. C. Kay, Thomas J. Kay and James E. Kay. This present case was tried in the district court of Johnson county, Kansas, on January 5, 1882, before the court and a jury, and all the foregoing facts, with some additional facts, were proved and presented to the court and jury. The court then instructed the jury as follows:

"1. By the judgment in evidence, the plaintiff has a cause of action, unless the same is barred by the statute of limitations.

"2. If you find from the evidence that this action was commenced within five years from the 26th day of February, 1877, then such action is not so barred."

Afterward, the jury found a verdict in favor of the plaintiff and against the defendant, and assessed the amount of the recovery at $3,063.55. The jury also found specially as follows:

"Q. 1. When did Thomas J. Kay become a *bona fide* resident of the state of Kansas? A. November, 1865.

"Q. 2. Has he been a *bona fide* resident of the state of Kansas ever since? A. Yes.

"Q. 3. Since January, 1876, has Thomas J. Kay paid anything on said alleged judgment, or have any credits been placed thereon by a sale of his property in Pennsylvania? A. No."

The jury found that the defendant, Thomas J. Kay, has not paid anything on the judgment sued on since January, 1876. There is nothing, however, in the case to show that he ever paid anything on the judgment, and in all probability neither he nor any person for him has paid anything on the judgment since he removed to Kansas.

Upon the pleadings and special findings of the jury, we think the court below should have instructed the jury to find in favor of the defendant; but the court below, in effect, instructed the jury to find for the plaintiff. And upon the pleadings and the special findings of the jury, we think the court below should have rendered judgment in favor of the defendant, notwithstanding the general verdict; for upon the

Harris & Co. v. Capell.

pleadings and special findings of the jury the claim of the plaintiff was unquestionably barred by the five-years statute of limitations. (Civil Code, §18, subdiv. 6.)

It makes no difference, as we think, whether the revivals of said judgment were in effect new judgments of themselves, or whether they were simply revivals of the prior judgment; for in either case, we think the plaintiff's case is barred. In neither case can the revivals have any force or effect beyond the jurisdiction of the state of Pennsylvania, because at the time of such revivals the state of Pennsylvania did not have any jurisdiction of the person of the defendant, who was then in Kansas, and a *bona fide* resident of Kansas.

The judgment of the court below will be reversed, and the cause remanded with the order that judgment be rendered in favor of the defendant and against the plaintiff for costs.

All the Justices concurring.