J. H. SIMPSON, Respondent, *v.* SELMA WATSON, Appellant.

May 13, 1884.

1. PRACTICE — JUDGMENTS — SCIRE FACIAS — JURY. — The defendant is entitled to a jury to try a proceeding by *scire facias* to revive a judgment.

2. —— NUL TIEL RECORD. — In such a proceeding, the defendant is not entitled to have a plea of *nul tiel* record tried by a jury, and the court properly defines the issues to be tried by the jury.

3. —— PLEADINGS. — In such a proceeding, the defendant can not plead matters which occurred prior to the date of the judgment.

4. —— ORDER OF PUBLICATION. — An order of publication in such a case is sufficient if it states the nature of the cause, without stating the exact nature of the writ sued out.

5. —— The judgment being joint, the *scire facias* must also be joint, and if it is abated by order of the plaintiff as to one, must be continued as to the other defendants.

6. —— The plaintiff having diligently prosecuted his action, the court may grant such continuances as may seem reasonably necessary to bring in such of the defendants as have not been served with process.

7. JUSTICES OF THE PEACE — JURISDICTION. — A justice has jurisdiction in actions on notes for three hundred dollars, exclusive of interest.

8. —— The rendition of an excessive judgment, by a justice, does not go to his jurisdiction.

APPEAL from the St. Louis Circuit Court, LUBKE, J. *Affirmed.*

M. W. WATSON and P. E. BLAND, for the appellant: *Scire facias* is an action at law triable by a jury. — *Wolff* v. *Schaeffer*, 4 Mo. App. 367; s. c. 74 Mo. 158; *Humphrey* v. *Lundy*, 37 Mo. 320. The justice had no jurisdiction. — *Bachelor* v. *Bess*, 22 Mo. 402; *Stone* v. *Corbett*, 20 Mo. 354; *Webb* v. *Twadie*, 30 Mo. 488; *Clark* v. *Smith*, 39 Mo. 498. The validity of the judgment can be inquired into in a *scire facias* proceeding. — *Corby* v. *Wright*, 4 Mo. App. 443; *Eager* v. *Stover*, 59 Mo. 87.

WM. KREITER and J. NIEL, for the respondent: The justice had jurisdiction. — *Meis* v. *Geyer*, 4 Mo. App. 404; *Stone* v. *Corbett*, 20 Mo. 350. Jurisdiction of subject-matter and person being complete the judgment can not be avoided in this proceeding. — *Ellis* v. *Jones*, 51 Mo. 186; *McNair* v. *Biddle*, 8 Mo. 257.

BAKEWELL, J., delivered the opinion of the court.

This was a *scire facias* to revive a judgment. The petition alleges that one Robert L. James, on the 12th of February, 1877, recovered judgment in the circuit court of St. Louis county against defendants for the sum of $319.50 with interest and costs. The judgment is then described by the number of the cause and the book and page of the record on which it is recorded. The petition states that this judgment was duly assigned, on the margin of the record, to William Kreiter, for value received, who, for value, afterwards assigned the same, on the margin of the record, to plaintiff; that plaintiff is the legal owner of the judgment,

and that no part thereof has been paid. The prayer is that judgment be revived against the defendants.

This petition was filed on the 7th of February, 1882. The return to the *scire facias* showed that Rogers was not found. At the return term Watson filed his answer, in which, after a general denial, he alleged that the judgment was not a judgment of the circuit court, but of a justice of the peace, and that it was void for want of jurisdiction in the justice. The answer further alleged that Selma Watson, on whom the *scire facias* had been served, was not the person named in the judgment, and that he had never signed the appeal bond in the cause, and that plaintiff, on the 22d of January, 1882, voluntarily dismissed all proceedings against Rogers, whereby Watson was discharged. A reply was filed denying the new matter.

An *alias* writ was issued for defendant Rogers, and returned "not found." On this return an order of publication was granted. Proof of publication was filed at the December term, 1882; but, this proof being insufficient, the court refused to enter a default against Rogers, and the cause was continued, against the objection of Watson. An *alias* order of publication having been granted, and proof of publication filed, the petition was taken as confessed at the October term, 1883, against Rogers, who made default. The case being regularly called for trial, Watson moved to dismiss on the ground that the cause had been continued without his consent at the December term. This motion was overruled. Watson also objected, that the default against Rogers was taken on insufficient notice, and, that there could be no revivor against Watson without notice to Rogers. This objection was overruled. Watson demanded a jury to try all the issues made by the pleadings. The court denied this application, and a jury was called to try the following issues framed by the court:—

"Did Selma Watson, who is the defendant now here in court, sign the appeal bond taken and approved by Justice

John C. H. Cunningham, August 1, 1871, in the cause
No. 20,495 of this court, wherein Robert L. James was
plaintiff and John B. Rogers, was defendant? Is he the
same person who did sign said appeal bond as surety
therein?''

Plaintiff then introduced in evidence the record of the judg-
ment in question, together with the assignments as set out
in the petition, including the justice's transcript, appeal
bond, and executions, and return of *nulla bona* thereon.

It appears that, on the 25th of July, 1871, Justice Cun-
ningham rendered judgment in favor Robert L. James,
against John B. Rogers, for $319.50 and costs, on
three negotiable promissory notes, for $50, $100, and $150
respectively, all made by Rogers to the order of Comstock
and by him indorsed, all payable at sixty days, all dated
on the 14th of December, 1870. Defendant Watson
became surety on that appeal bond. In the circuit court,
the appeal was not prosecuted, and there was judgment
against the appellant and the surety on the appeal bond,
for $319.50 and interest and costs.

Defendant Watson then introduced evidence tending to
show that he had never signed the appeal bond, and that
the signature to the bond was not his. Plaintiff, in rebuttal
introduced testimony tending to show that the signature
was that of Watson, and that Watson had admitted that he
signed the bond when drunk.

An instruction in the nature of a demurrer to the evi-
dence was refused, and the cause was given to the jury
on the following instructions, of which the first two were
of the court's own motion, and the last at plaintiff's in-
stance : —

'' 1. The matters submitted to the jury in this court for
their verdict are the two propositions stated in the issues
which have been read to them. The jury are the sole
judges of the weight and effect of the evidence admitted by
the court on this trial. They may disregard entirely all

the testimony of any witness who they may believe nas wilfully sworn falsely as to any material fact in issue here. And, in their verdict, the jury will say whether on these issues they find for plaintiff Simpson or defendant Watson.

" 2. Defendant Watson has in this trial assumed the burden of showing that he did not sign the bond in question.

" 3. If the jury believe from the evidence that defendant Watson did sign and execute the bond when he was drunk, and had no recollection of the act, yet, such condition of defendant could not operate to discharge his liability on the bond ; it is still his act and deed, and the jury should then find for plaintiff on the issues submitted."

The jury found for plaintiff on both the issues, and the court then made an order reviving the judgment and the lien thereof.

1. It is contended by appellant that the court erred in refusing to appellant a jury to try all the issues made by the pleadings.

Before the adoption of the code of procedure in this state, the right of trial by jury was guarded by the constitutional provision (Const. 1845, Art. XIII., sect. 8), that the right of trial by jury shall remain inviolate. The code provides (Rev. Stats., sect. 3600), that an " issue of fact in an action for the recovery of money only, or of specific, real, or personal property must be tried by a jury, unless a jury trial be waived, or reference ordered." The constitution of 1875 provides that " the right of trial by jury as heretofore enjoyed shall remain inviolate." There can be no doubt under these provisions that all issues of fact in an action at law are triable by jury according to the practice of the common law. " There is no doubt," says Butler, J., in *Fenner* v. *Evans* (1. T. R. 267), " but a *scire facias* is an action; and on that ground it has been held that a plea to a *scire facias* must conclude, ' if the plaintiff ought to have and maintain his action.' " And so it is

held in Missouri that a proceeding by *scire facias* to revive a judgment is an action, and a suit within the meaning of the words as used in our statutes regulating procedure in courts of justice. *Milsap* v. *Wildman*, 5 Mo. 425; *Wolff* v. *Schaeffer*, 4 Mo. App. 367. The fact that the writ is a judicial, and not an original writ, and that it has been held, as it is held in some jurisdictions (*Hopkins* v. *Howard*, 12 Tex. 7), that a petition is not necessary to obtain the writ, does not, we think, at all impair the right to have a jury to try such issues as properly arise upon the pleadings, and are triable by jury. Sometimes, and for some purposes no doubt, a *scire facias* sur judgment is regarded as the continuation of a former suit. 2 Sandf. 71, note 4; *Humphreys* v. *Lundy*, 37 Mo. 323. It is true, that in some respects, a *scire facias* sur judgment is a mere continuation of the cause; yet in others it is a new suit. The defendant can not plead matters that relate back to a time before the judgment. That can not be impeached by going behind it, even by showing that the domestic court in which it was rendered never had jurisdiction even of the person or the goods of defendant, by process, appearance, or notice of any kind. In this aspect, the *scire facias* may be said to be a continuation of the same cause; but the defendant can plead matters subsequent to the rendition of the judgment which plaintiff seeks to revive, and in this aspect it is a new suit, and is to be governed by the rules applicable to other original suits. *Duncan* v. *Hargrove*, 22 Ala. 150. The proceeding has always been regarded by the common-law writers as an action (*Winter* v. *Kreschmann*, 2 T. R. 45; 3 Tom. Law Dict., *ad verbum*); and the parties, as in other actions at law, are entitled to a jury, as we held in *Wolff* v. *Schaeffer* (*supra*).

But it does not appear that the rights of appellant to a trial by jury were prejudiced by the action of the court as disclosed by this record. No defence can be taken to *scire facias* sur judgment but subsequent satisfaction of it, or de-

nial of its existence by plea of *nul tiel* record ; and, under no circumstances can the original merits be overhauled. No exception can be taken to the validity of a judgment sought to be revived, if it stands in substance and form on record as a judgment of the court. The judgment is valid between the parties and their privies till set aside on motion, or reversed on appeal. If the defendant deny the judgment, he fails; if a judgment in form be produced ; and he will not be heard if he attempts to show that it ought not to have been rendered. *Davidson* v. *Thornton*, 7 Pa. St. 131 ; *Miller* v. *Shackelford*, 16 Ala. 95 ; *Duncan* v. *Hargrove*, *supra*. " Plea of *nul tiel* record concludes : 'And this he prays may be inquired of by the record ' and the other ' does the like.' Thus is issue joined. Hereupon, the person pleading the record has a day given to him to bring it in. It is a monument of so high authority that the trial is merely by the record. The plea of *nul tiel* record shall not receive any trial by witness, jury, or otherwise, but only by itself." 3 Bla. Com. 331.

The jury was not to try the record, nor the assignment which was a part of it, however this might be put in issue by the pleadings. The only issues for the jury were those as to the identity of defendant. As to the merits he was concluded ; for he had had his day in court if he was the man who signed the bond as Selma Watson.

2. There is nothing in the objection that the justice had no jurisdiction. The statute (Acts 1868, p. 50), gave the justice jurisdiction to $300 on notes, exclusive of interest. If the justice gave judgment for too much, this was mere error, and could not go to his jurisdiction. *Batchelor* v. *Bess* (22 Mo. 402), cited by appellant is not in point. The amount claimed by plaintiff was, in that case, shown only by the judgment, which was for damages for breach of contract, and exceeded the jurisdiction.

3. The objection that, because the judgment in evidence was a mere judgment of affirmance, it did not correspond

to the judgment set out in the petition and writ, seems to be wholly without merit.

4. It is claimed that the order of publication was insufficient to warrant judgment against Rogers. The statute provides (Rev. Stats., sects. 2735, 2736), that the *scire facias* shall be served on the defendant, and that, if he can not be found, the court " may make an order setting forth briefly the nature of the case, and requiring all persons interested to show cause at the next term of court why such judgment should not be revived and the lien continued." The order made and published was, that defendant be notified that " a petition has been filed in the circuit court, etc., praying for the revival of a certain judgment recovered by Robert L. James in said court on February 12, 1877, against Selma Watson and said defendant, for $319.50 with interest and costs, and alleging that said judgment was assigned to William Kreiter, and by him assigned to Simpson, and unless he appear, etc., etc., and show good cause against such revival, the judgment aforesaid shall be revived against him, and the lien continued." This notice fully complies with the statute, and the objection against the form of it seems to be quite frivolous. It was not necessary that the order should state that a *scire facias* had been sued out. Under our practice, the writ follows the petition, not the petition the writ.

5. Objections as to the instruction and as to some rulings of the court upon evidence are urged in appellant's brief which we think wholly without merit and not worthy of more particular notice in this opinion. We have carefully considered the record and the arguments and briefs of counsel, and find no error affecting the merits. It is contended that the court erred in continuing the cause at the December term, 1882, and we are referred to sections 3502, 3503, of the Revised Statutes as to this, which provide that, where there are several defendants, some of whom do not appear and are neither notified nor summoned, plaintiff may dis-

miss as to those not served, and proceed against the others, or proceed to bring in the others and continue the cause; and that, at such second term, the suit shall proceed against all who have been served, and no further delay shall be allowed to bring in the others, unless all that appear shall consent to the delay. In *scire facias* to revive a judgment, the writ must pursue the nature of the judgment; and, that being joint, the *scire facias* must be joint also, and must be discontinued as to all if abated by order of plaintiff as to one. 2 Salk. 598; *Austin* v. *Reynolds*, 13 Texas, 546. As the plaintiff seems to have used diligence in prosecuting his suit, we do not think that the court abused its discretion in allowing the continuance. We have no doubt, notwithstanding the language of the statutory provisions above cited, that, in a case where the judgment must be against all defendants or none, the trial court may exercise a discretion in permitting such continuances as may appear to be reasonably necessary to bring in defendants not served.

The judgment of the circuit court is affirmed. All the judges concur.