EDMUND P. WALSH, Appellant, v. LOUIS BOSSE, Respondent.

November 11, 1884.

1. SCIRE FACIAS — JUDGMENTS. — A proceeding by *scire facias* to revive a judgment is an action, and the judgment therein is a new judgment.
2. —— LIMITATIONS. —A judgment in *scire facias* to revive a judgment operates to avoid the statute of limitations, which then runs from its date and not from that of the original judgment.

APPEAL from the St. Louis Circuit Court, ADAMS, J. *Reversed and remanded.*

KEHR & TITTMANN, for the appellant: *Scire facias* is an action. — *Milsap* v. *Wildman*, 5 Mo. 428 ; *Simpson* v. *Watson*, 15 Mo. App. 425. The statute runs from the date of the judgment of revivor. — *Mullikan* v. *Duval*, 7 Gill & J. 360 ; *Weaver* v. *Books*, 38 Mo. 255 ; *Fagan* v. *Bentley*, 32 Ga. 534.

L. GOTTSCHALK, for the respondent: *Scire facias* is a judicial writ, and not a new suit. — *Humphreys* v. *Lundy*, 37 Mo. 320 ; *The State* v. *Heed*, 62 Mo. 559 ; *Ellis* v. *Jones*, 51 Mo. 180 ; *Greer* v. *Bank*, 10 Ark. 456 ; Freem. on Judg., sects. 442, 444.

BAKEWELL, J., delivered the opinion of the court.

Judgment was rendered against defendants on December 3, 1860, in the St. Louis court of common pleas. This judgment was revived by *scire facias*. The writ was duly served on all the defendants, and the judgment of revival was entered in the same court, on May 23, 1864, in due form, for $1,650, the amount of the original judgment. The petition in the present case sets out these facts, and asks judgment for $1,650, with interest from December 3, 1860.

Defendant demurred, on the ground that the petition does not set forth constitutive facts, in this : that it appears that the judgment on which this suit was brought was rendered more than twenty years before the petition in this case was filed, and that the relief prayed for is barred by the statute of limitations. The demurrer was sustained, and there was final judgment for defendant, plaintiff declining to plead over.

The determination of the question presented by the record necessarily involves a consideration of the nature of the proceeding by *scire facias* to revive a judgment. There is nothing in our statutory provisions on the subject (Rev. Stats., sects. 2732–2736), to throw light upon this, or to modify the nature of the remedy.

It is a supplementary remedy, partly in the nature of an action, and partly of an execution, which often follows on a suit as being the only method of enforcing, under particular circumstances, the judgment therein obtained. "A *scire facias* is deemed a judicial writ, and founded on some matter of record as judgments. * * * And though it be a judicial writ, or writ of execution, yet it is so far in the nature of an original, that the defendant may plead to it, and it is in that respect considered as an action, and therefore it is held that a release of all actions is a good bar to a *scire facias*. But for some purposes it is only considered as a continuance of the original action." Bac. Ab. 8, 598.

The common-law course of proceeding incident to a *scire facias* is described by Mr. Stephens as follows:—

"The writ is sued out of the court in which the judgment is recorded, and it is made returnable in the same court on some day in term. It is then left with the sheriff, in order that the defendant may be summoned upon it, and if he fails to appear in due time after the summons served, or after due endeavor to effect a service, the plaintiff in *scire facias* will be entitled to sign judgment by default, and take out execution. If, on the other hand, the defendant in *scire facias* appears, the plaintiff delivers a declaration to which the defendant is to plead, and the subsequent course of proceedings to issue, trial, judgment, writ of error, and execution, is substantially the same as in that of an ordinary action. But it is a settled rule that the defendant in *scire facias* shall never be allowed to plead any matter which he had the opportunity of pleading in the original action. For the object of the proceeding is not to afford him the means of bringing the original judgment into question, but of showing, if he can, that some matter has occurred since that judgment was given which entitles him to resist the execution." Steph. Black. 3, 656.

We had lately occasion to consider the nature of the proceeding by *scire facias*, in the case of *Simpson* v. *Watson*

(15 Mo. App. 425). We there said, that it was of the nature of an action. It is, in all cases, necessarily of the nature of an action, because the defendant may plead to it; and the common-law writers all say, that, whenever defendant may plead to any writ, whether original or judicial, it is in law an action. "And though," says Mr. Foster in his elaborate treatise on *scire facias*, " to revive a judgment, it is a judicial writ to continue the effect of, and have execution of the former judgment; yet it is in the nature of an action, because defendant may plead any matter in bar of execution upon the first judgment." p. 13. And it will appear by reference to the cases cited in support of this statement, that it has been held in a variety of English cases, that *scire facias* to revive a judgment is an action; and in *Holmes* v. *Neuland* (5 Q. B. 370), it is said, that " it is in effect a new action, where the defendant may defend himself by pleading what has been done under the original judgment."

The same learned author says (p. 30): " And if within twenty years, a judgment is revived by *scire facias*, a new right is acquired by such judgment from which new right the limitation of twenty years begins to run, and not from the original judgment, " and this statement of the text is fully borne out by the cases cited, to all of which we have referred.

In *O'Brien* v. *Ram* (3 Mod. 189), it is said: " As to the *scire facias* it is true at the common law, if a man had recovered a debt, and did not sue forth execution within a year and a day, he must then bring a new original, and the judgment thereon had been a new recovery; but now a *scire facias* is given by the statute instead of an original, and therefore a judgment thereon shall also be a new judgment; for, though it is a judicial writ, yet is in the nature of an action, because the defendant may plead any matter in bar of the execution upon the first judgment, and it is for this reason that a release of all actions is a good bar to it.

Besides, an action of debt will lie upon a judgment on *scire facias*, which shows that it is an action distinct from the original.'' And this case is referred to with approval by Lord Holt in *Goodyeer* v. *Gresham* (Skinner, 682), where he says that *scire facias* to revive a judgment is an action in the nature of an original, and that, though the judgment in the *scire facias* does not alter the nature, it changed the property of the debt in the case before him, and that an action of debt may be brought upon an award of execution.

The case of *Farrell* v. *Gleason* (11 Cl. & Fin. 700), was this: A judgment obtained in 1813 was revived by *scire facias* in 1828. A bill in equity was filed to satisfy the judgment out of the debtor's estate. The statute of limitations was pleaded, and it was held, on appeal to the house of lords, that the *scire facias* created new rights and that the plea was no bar.

And in *Farren* v. *Beresford*, (10 Cl. & Fin. 702), it was held as Foster states (Foster, Scire Facias, 30), that if within twenty years, a judgment is revived by *scire facias*, a new right is acquired by such judgment, from which new right the limitation of twenty years begins to run and not from the original judgment. Learned counsel for appellant says that the author referred to, misapprehends and misstates the effect of this decision. But an examination of the case shows that the statement of Mr. Foster is correct. The case was most carefully considered in the Irish exchequer chamber, all the judges delivering separate opinions. The judgment of the queen's bench was there affirmed. On appeal to the house of lords, the judgment was reversed. But this reversal did not affect the decision upon the point considered by the exchequer chamber, but was upon the question of pleading, the lords holding that the previous *scire facias* must be set forth in the declaration in *scire facias*, otherwise, if more than twenty years have elapsed since the original judgment, a plea of the statute would be

a good plea in bar, and a replication setting out the previous *scire facias* and revival of the judgment within twenty years, would be a departure, as setting up a new right, and would be bad.

The question of pleading was not insisted upon in the exchequer chamber, and the case there wholly turned upon the language of the English statute of limitations (3 and 4 Wm. IV., ch. 27, sect. 40), and the nature of the proceeding by *scire facias* to revive a judgment.

The English statute provides that no action shall be brought to recover money secured by judgment, mortgage, or lien, but within twenty years "next after a present right to receive the same shall have accrued to some person capable of giving a discharge for the same," unless some of the money shall have been paid, or an acknowledgment given.

The judges delivered separate opinions.

Ball, J., says that there is nothing in the view that the words "secured by the judgment," mean only the original judgment of 1810, and can not embrace the revivor of 1817 ; that it can not be held that the judgment of revivor was only an award of execution, and not a judgment in the legal acceptation of the term ; that such a view is contrary to *O'Brien* v. *Ram* (*supra*) ; that an action of debt may be brought on a judgment in *scire facias*, and that it is an original judgment, capable of securing a debt.

Perrin, J., says, that the judgment on the *scire facias* was "manifestly and unquestionably, for some purposes at least, a new judgment, and one that confers a present right within the meaning of the statute."

Pennefather, B., considers it a startling proposition, that the solemn judgment in *scire facias*, that a debt is unsatisfied and plaintiff entitled to satisfaction, should be treated as of no effect. "Let us see," he says, "what is the nature of a judgment in *scire facias*, and what is the effect attributed to it. It is not merely the adjudication of

the court that the plaintiff shall have execution of his former judgment; but it may bind and affect persons who were not parties to the original judgment. It has the effect, therefore, not only of reviving the former judgment, giving a new right to receive what is due on it against those formerly bound by it, but of enabling the party to enforce his demand against others. It does this by the judgment of the court, and in doing so, it confers a new privilege, a new right, and a new terminus." He argued that as costs are given in *scire facias* on a judgment, it is absurd to hold that these may be recovered within twenty years, and not the principal.

Torens, J., considers the question closed by the authority of *O'Brien* v. *Ram* (*supra*), and by *Crafts* v. *Hewson*, which followed that case.

Crompton, J., adheres to his opinion in the queen's bench. Burton, J., Johnson, J., Dougherty, C. J., and Burke, C. J., concur. The chief baron and Baron Richards were absent; but the latter had, on a previous day of the term, decided *Ryan* v. *Cambie* (2 Ir. Eq 328), in exact conformity with the opinion of the majority of the court in this case.

Foster, J., alone dissents, and delivers a dissenting opinion. He holds that *O'Brien* v. *Ram* decides merely that a judgment obtained against an unmarried woman, which has been revived against her husband during coverture, shall be considered as an original judgment against him, but does not decide that it is an original judgment to all intents and purposes. He holds that the statute under consideration must, from the language used, be held to make the sameness of the money the test; and that, as a *scire facias* to revive is not, to all intents and purposes, a new action, but, to some purposes, only a continuation of the former suit, the statute runs from the date of the first judgment.

In the house of lords as we have said, the judgment

was reversed on the question of pleading alone. Lord Lyndhurst in delivering the opinion of the court (in which the judges were unanimous), says: " I agree with her majesty's judges in thinking that, in this case a new right, was acquired by the judgment in *scire facias* in 1817. But the plaintiffs below having declared on the judgment of 1810, and the plea under the statute of 3 and 4 William IV (ch. 27) being, as I think, a sufficient answer to the claim stated in the writ, the plaintiffs below could not set up by way of replication *a new right* in answer to the plea. It is clear, I think, that this is a departure, and that, upon the record thus framed, the defendant below was entitled to judgment " 10 Cl. & Fin. 339.

It has been held again and again in America that *scire facias* to revive a judgment is an action, or in the nature of an action (*Hubbard* v. *Balls*, 7 Ark. 443; *Barron* v. *Bailey*, 5 Fla. 18); that it is a new judgment (*Mullikin* v. *Duval*, 7 G. & J. 355; *Weaver* v. *Gresham*, 38 Md. 264); that the *scire facias* operates to avoid the statute of limitations by a new judgment, from the date of which the statute again begins to run. *Lambson* v. *Moffett*, 61 Md. 429; *Fagan* v. *Bentley*, 32 Ga. 534.

It was early held in Missouri (*Milsap* v. *Wildman*, 5 Mo. 428), that a *scire facias* is an action, and a suit within the the meaning of the revised code. In *Wood* v. *Ellis* (10 Mo. 384), it is held that a judgment of revival in *scire facias* is a judgment from which the defendant can not have relief by *audita querela*, where there was a return of due service, and defendant had neglected to plead in avoidance. In *Humphreys* v. *Lundy* (37 Mo. 320), the court holds that a proceeding by *scire facias* is not a new suit upon the old judgment, and that it is error to add interest to the amount of the original judgment when it is revived; and that the proper entry is an award of execution for the amount of the original judgment, with interest from its date and costs. The learned judge who delivers the opinion of

the court, cites an Arkansas case in support of an assertion that *scire facias* is not the commencement of an action to which the statute of limitations may be pleaded. And this is in accordance with what is undoubtedly held, and with what was said by us in *Simpson* v. *Watson* (*supra*), that sometimes, and for some purposes, a *scire facias* on a judgment is regarded as the continuation of a former suit. In some respects, it undoubtedly is so ; yet, in others, it may be, and is, nevertheless, a new suit. That it is not an action upon the original judgment, and that it is error to enter a new judgment for the amount of the original judgment and interest added, is a matter as to which there can be no controversy at all. The judgment is, that plaintiff have execution. *Coomes* v. *Moore* (57 Mo. 338), merely follows *Humphreys* v. *Lundy*, in holding that a *scire facias* upon a judgment is not the beginning of a new action upon the old judgment to which the statute of limitations may be pleaded.

The case in *George* v. *Middough* (62 Mo. 549), was this : Judgment was obtained in 1859, which was revived from time to time, the last revival was in 1867. The court held an execution issued in 1872, a nullity, because " the statute provides that plaintiff may sue out a *scire facias* to revive a judgment and lien at any time within ten years ; but that, after the expiration of ten years from the rendition of the judgment, no *scire facias* shall issue. The last judgment of revival on *scire facias* was in 1867, and its lien expired before the executions were issued ; the executions therefore derived no force from these liens, or the revivals had under them ; and, as more than ten years had expired from the time the original judgments were rendered, the executions were nullities." This seems to be in accordance with the express provision of the statute ; but it is not inconsistent with the position assumed by the appellant here, that a revived judgment confers a new right upon the plaintiff, which can be enforced by an action of debt, and that

a new date and terminus is fixed by the revival, from which the presumption of payment begins to run.

Our statute provides (Rev. Stats. 3251), that every judgment, order, and decree of any court of record, shall be presumed to be paid and satisfied after the date of twenty years from the day of its rendition ; but such presumption may be repelled by proof of payment or written acknowledgment of indebtedness made within twenty years. There is no other statutory provision as to limitation to actions of debt on judgments. The suit at bar was an action of debt upon a judgment, order, or decree, that plaintiff have execution for a certain amount ; that order was a judicial determination that the debt remained unpaid, in a proceeding in the nature of an action, where defendant had notice, and was admitted to plead. It was a judgment from which an appeal could lie ; in its nature final.

We think that plaintiff's petition sets forth a cause of action, and that the demurrer should have been overruled. The judgment is reversed and the cause remanded. Judge THOMPSON concurs. Judge LEWIS is absent.