Kratz v. Preston.

———————

AARON KRATZ, Appellant, v. JOHN S. PRESTON, Respondent.

Kansas City Court of Appeals, January 2, 1893.

Judgments: LIMITATIONS: REVIVOR: SCIRE FACIAS: DEFENSE. Plaintiff obtained judgment against defendant, in 1861, on personal service, in the state of Pennsylvania, which was revived in 1891 on a writ, and an *alias* writ of *scire facias*, with return of *nihil* to each. *Held:*—

(1) The limitation began to run from the date of the revival instead of the original judgment.

(2) The proceeding by *sire facias* is a further proceeding in the same action, and is based on the original judgment, and not a new action.

(3) That at common law two returns of *nihil* were sufficient to warn the defendant.

(4) That the proceedings in Pennsylvania to revive the judgment being regular under the common law, which is presumed to be in force there, will support the revival so as to form a new period of limitation and support an action in this state, notwithstanding a want of personal service.

(5) That the defendant, in a suit on said revived judgment, since it is without personal service, may show in defense anything (except limitation) going to discharge him from the original judgment occurring since its rendition.

*Appeal from the Barton Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED AND REMANDED.

*McCluer & Bowling*, for appellant.

(1) See *Walsh v. Bossee*, 16 Mo. App. 231, which holds that "a judgment in *scire facias* to revive a judgment operates to avoid the statute of limitations, which then runs from its date, and not from that of the original judgment." Foster on Scire Facias, p. 30; *Farren v. Beresford*, 10 Cl. & Fin. 702. (2) A clear distinction is made in the books between an action and a *scire facias*. *Scire facias* is only a continuation of a former suit, and not an original proceeding. *Humphreys v. Lundy*, 37 Mo. App. 320; 1 Chitty on Pleading, 127, 299; *McGill v. Perigo*, 9 J. R. 269; *Coomes v. Moore*, 57 Mo. 338; *Treasurer v. Foster*, 7 Pa. St. 65; Graham's Practice, 661, 663; 8 Bacon's Abridgments, Scire Facias, 598; *Denyre v. Hann*, 13 Iowa, 240. The case of *Eager v. Stover*, 59 Mo. 88, is one in which a Pennsylvania judgment, similar to this one, had been revived after the defendant had left the state, and the revival was held good. *Ellis v. Jones*, 51 Mo. 180; *Marks v. Fore*, 51 Mo. 69. The revival was in exact compliance with the common law. Freeman on Executions, sec. 89; *State v. Peyton*, 32 Mo. App. 522. Pennsylvania having once been under the laws of England, in the absence of proof, the common law will be presumed to prevail there. *White v. Chaney*, 20 Mo. App. 389.

*Robert T. Stickney*, for respondent.

ELLISON, J.—This action is based on a judgment obtained by plaintiff against defendant in the state of Pennsylvania on the twenty-sixth of July, 1861, and which was revived in that state on the eleventh of February, 1891. The transcript of the judgment and revivor was excluded by the circuit court. Judgment being given for the defendant, plaintiff appealed.

The original judgment was rendered on the personal appearance of the defendant. The subsequent revivor on *scire facias* was had after defendant had removed to this state, and was obtained by issuing a *scire facias* and an *alias* with a return *nihil* to each. From the briefs of the counsel we take it that the trial court excluded the transcript under the statute of limitations, the judgment being more than twenty years old. If the period of limitations, as applied to this cause, is to be counted from the day the original judgment was entered in Pennsylvania, then it is barred, since it was more than twenty years prior to the commencement of this action. Revised Statutes, 1889, sec. 6796. But, if the date of limitation is to begin at the revival of such judgment, then the statute had not run. *Walsh v. Bossee*, 16 Mo. App. 231. That case decides that a *scire facias* is a proceeding in the nature of an action, and the judgment of revivor is a renewal of its life, creating *new rights* for a new period of limitation. The reasoning and conclusion of the opinion in that case is so satisfactory to us that we need do no more than cite and adopt it. That case and the numerous authorities therein discussed use, as the base for the conclusions reached, the fact that the revival creates new rights in the plaintiff.

But the further question is presented in this case, whether the revival of this judgment was not void in the courts of this state, since it was not had on personal service, the proceedings therefor being commenced long after the defendant had removed from Pennsylvania to Missouri. It was, perhaps, this question which influenced the trial court to the rulings of which complaint is made. If such was the view of the trial court, it is sustained by a paragraph in 2 Black on Judgments, section 892, based on the case of *Kay v. Walter*, 28 Kan. 111, wherein it is decided that a

judgment of revival without jurisdiction over the person of defendant, by service of process or appearance, is a nullity outside of the jurisdiction of the state authorizing such proceeding. That in that case, since the defendant was a *bona fide* resident of Kansas, and in that state when the proceedings to revive were begun; and did not authorize his appearance to be entered, the judgment was a nullity as to defendant in the courts of Kansas.

It is undoubtedly true that to give a court jurisdiction, which will be regarded in courts outside of the territory of the state where such court is located, there must be process served upon the defendant within the limits of such jurisdiction, or some property must be found within such limits against which such court may proceed *in rem*. *Latimer v. Railroad*, 43 Mo. 105. It is also, likewise, true that, though the record of the foreign judgment should show jurisdiction over the person, in this respect, the record may be disputed. *Marks v. Fore*, 51 Mo. 69. But those cases and others following them involve judgments as originally rendered. The question before us now is not the same. Here there was jurisdiction over the person of defendant when the original judgment was rendered. Is it necessary in such case that there should be a new jurisdiction of the defendant's person at the time the judgment was revived? It seems to me proper to ascertain the nature of a judgment of revivor in order to properly dispose of this question satisfactorily. It is obtained by a *scire facias*, which is a judicial writ, the use of which the statute has authorized to keep in force and effect a judgment already rendered. It is said to be a statutory substitute for the common-law action on the judgment which was formerly necessary to be brought if execution be not issued within a year and a day. *O'Brien v. Ram*, 3 Mod. 189. I can find no case of

revivor where it is distinctly said to be a new action.
It is said to be in the *nature* of an action, for pleas may
be made to it *(Walsh v. Bossee, supra)*, and on a
proper issue a jury may be had.  *Simpson v. Watson*,
15 Mo. App. 425.  It is chiefly from the fact that the
defendant may plead to it that it derives its likeness to
an ordinary action.  But what may he plead?  Only
those things which go to his discharge since the rendi-
tion of the original judgment.  He cannot otherwise
alter the original.  The validity of the debt, his
liability, and those other matters which he might have
pleaded to the original action are closed to him on
*scire facias*.  But, if he has paid the judgment, or has
been discharged, he may show this on plea to the writ.
Bacon says: "And though it be held that a *scire
facias* is in nature of an original, yet it hath been
adjudged that no writ of error lies into the exchequer
chamber on a judgment given in *bancus regis* on a *scire
facias*, the statute, 27 Elizabeth, c. 8, which gives the writ
of error, mentioning only suits or actions of debt,
detinue, covenant, account, actions upon the case,
*ejectione firmæ* or trespass."  8 Bacon's Abridgments,
599.  Neither could the plaintiff have costs except by
aid of the statute.  8 Bacon's Abridgments, 599.  The
writ is for some purposes but the continuance of the
original.  8 Bacon's Abridgments, 588.  This is pecul-
iarly so when its object is to revive a judgment.  In
*Wright v. Nutt*, 1 Term. R, ASHHURST, J., in speaking
of the revival of a judgment, said:  "This is not a
*new action*, but a *continuation of the old one;* it is only a
*scire facias* to revive the former judgment."  See also
*Denegree v. Hann*, 13 Iowa, 240; *Coomes v. Moore*, 57
Mo. 338; *Humphreys v. Lundy*, 37 Mo. 320.  See also
*Edgar v. Stover*, 59 Mo. 87, where the revival of a
judgment under circumstances similar to the case at
bar was, by acquiescence at least, deemed valid.  The

judgment sued on in that case was held bad for lack of jurisdiction in the original judgment. *Such object* being different from many of those purposes for which the writ is used, in effect and practice, as an original action. Where the object is to revive a judgment it cannot be said to be a new suit; it is a continuance of the old action, "and merely ancillary thereto" *(Ellis v. Jones,* 51 Mo. 180), notwithstanding it partakes of the nature of a new action, as before stated, in that it may be pleaded to. I think it apparent that when the writ is used to revive a judgment it is merely a further proceeding in the same action, *and is based on the original judgment,* which in this case we have seen was rendered on defendant's personal appearance. Such writ is sometimes called a writ of execution. 2 Tidd's Practice; *Barrow v. Bailey,* 5 Fla. 9. It is said in *Phillips v. Brown,* 6 Term. R. 282, to be merely a step towards execution on the original demand. And so we know that to be its end and use in practice. We, therefore, feel constrained to decline following the case in 26 Kan. The jurisdiction of the person in the original action was sufficient to sustain the after proceedings in *revivor;* provided such after proceedings were regular in themselves.

That they were regular in all particulars is clear. A writ of *scire facias* was issued, and a return *nihil* was made by the sheriff. An *alias* writ was then in due course issued, and another return *nihil* made. This, under the common law, was equal to a return of *scire feci,* that defendant had been warned. *Barrow v. Bailey,* 5 Fla. 9, and English and American authorities therein cited; 2 Tidd's Practice; 1 Freeman on Executions, sec. 89, and authorities cited in support of text. We will presume the common law to be in force in Pennsylvania, and, therefore, that the proceedings to revive the judgment were proper.

But while two returns of *nihil* will amount to a notification to defendant and sustain a judgment of revival, yet, in point of fact the defendant by such proceeding has not been personally notified. And from this there follows, as a consequence, a right or privilege in the defendant which he would not have, had he been personally served with notice. That right is to have an *audita querula*, or, in this modern day, a motion, whereby he will be allowed to show after judgment of revival those things in his defense against an execution which he might have made at the hearing of the *scire facias* had he been personally served with notice. In other words, notwithstanding that two *nihils* amount to a *scire facias* and will support the revival, the defendant's defense of his discharge from, or of, the original judgment will remain open to him. Authorities, *supra; Wood v. Ellis,* 10 Mo. 382.

Our conclusions as to this case on the record are these: That the statute of limitations began to run from the date of revival instead of the original judgment; that the proceedings in Pennsylvania to revive the judgment being regular under the common law will support the revival so as to form a new period of limitation and support an action in this state, notwithstanding there was no personal service on defendant in Pennsylvania in the revival proceedings; that defendant may now show anything (except the statute of limitations) going to discharge him from the original judgment occurring since its rendition.

The judgment will be reversed and the cause remanded. All concur.