W. A. Howell, Respondent, v. St. Louis and San Francisco Railway Company, Appellant.

St. Louis Court of Appeals, March 7, 1899.

Judgment of Revival: JUSTICE'S COURT: APPEAL THEREFROM. A *scire facias* to revive a judgment is an action or civil suit. The judgment of revival is treated as a new judgment; held, that the defendant had the right of appeal.

*Appeal from the Barry Circuit Court.*—Hon. J. C. Lamson, Judge.

REVERSED AND REMANDED.

A. V. Darroch for respondent.

This was a proceeding brought under and by virtue of sections 6291 and subsequent sections to revive a judgment before a justice of the peace. Defendant did not appear after citation served upon it to "show cause, if any it had, why the judgment should not be revived. The justice made an entry on his docket reviving said judgment. Defendant filed affidavit and bond for an appeal to circuit court which was by the justice granted. The circuit court on motion of plaintiff dismissed the appeal holding it would not lie in such a case. This is not a final judgment and no appeal will lie. The judgment proper was rendered several years before and this was merely a proceeding to enable the justice to issue an execution. It is merely a summary proceeding. Burden of proof is on defendant to show cause, if any he has, why judgment should not be revived. Section 6292, Revised Statutes 1889. If defendant failed to appear and "show cause why judgment should not be revived" the justice shall make an entry on his docket reviving same from date of entry.

L. F. Parker and J. T. Woodruff for appellant.

From the foregoing it will be seen that the sole and only question at issue on this appeal is whether defendant is entitled to an appeal from the judgment rendered against it by the justice of the peace reviving the former judgment. The statute governing appeals in justice of the peace courts is as follows: "Any person aggrieved by any judgment rendered by a justice of the peace, except a judgment by confession, may, in person or by agent, make his appeal therefrom, unless otherwise provided by law, to the circuit court of the same county where the judgment was rendered."    *    *    *
R. S. 1889, sec. 6327. A judgment is defined by our statute (R. S., sec. 2206), as follows: "A judgment is the final determination of the right of the parties in the action." In view of the fact that the judgment of revival could not have been less than a final determination in the justice of the peace court of the rights of the parties, it is difficult to see what ground there could have been for dismissing the appeal. Certain it is that this court, as well as the supreme court, has frequently entertained appeals from judgments of revival by justices of the peace. Humphrey v. Lundy, 37 Mo. 320; Barhydt v. Alexander, 59 Mo. App. 188; Kincaid v. Griffith, 64 Mo. App. 673.

BIGGS, J.—In a proceeding to revive a judgment before a justice of the peace will an appeal lie to the circuit court? That is the only question presented by this record. The plaintiff obtained a judgment of revivor before the justice, the defendant appealed, and on motion of plaintiff the circuit court dismissed the appeal. The defendant has appealed from the order of dismissal.

The statute governing appeals in justices of the peace courts reads: "Any person aggrieved by any judgment rendered by a justice of the peace, except a judgment by

confession, may, in person or by agent, make his appeal therefrom, unless otherwise provided by law, to the circuit court of the same county where the judgment was rendered." * * * R. S. 1889, sec. 6327. The statutory definition of a judgment (R. S. 1889, sec. 2206), is as follows: "A judgment is the final determination of the right of the parties in the action." A *scire facias* to revive a judgment is an action or civil suit (Milsap v. Wildman, 5 Mo. 425; State v. Hoeffner, 124 Mo. 488; Simpson v. Watson, 15 Mo. App. 425; Wolff v. Schaeffer, 4 Mo. App. 367; Kratz v. Preston, 52 Mo. App. 251), and the judgment of revival is treated as a new judgment (Walsh v. Bosse, 16 Mo. App. 231). Under the decisions in the foregoing cases we think it clear that the defendant had the right of appeal. The appellate courts of the state have recognized such a right. Indeed it has never been questioned. Humphreys v. Lundy, 37 Mo. 320; Barhydt v. Alexander, 59 Mo. App. 188; Kincaid v. Griffith, 64 Mo. App. 673.

RIGHT OF APPEAL.

With the concurrence of the other judges, the judgment of the circuit court will be reversed and the cause remanded. It is so ordered.