## THE STATE v. SHROEDER.

1. **Constitutional Law: TWO-MILE LIMIT.** Chapter 119, Laws of 1878, prohibiting the sale of malt or vinous liquors within two miles of the corporate limits of any municipality, is not obnoxious to the provision of the constitution requiring all laws to be uniform in their operation.

2. ———— : ————. Nor is it in violation of the constitutional requirement that every act shall embrace but one subject and matters properly connected therewith.

3. ———— : ———— : **TITLE OF ACT.** The fact that the title of an act contains matter not of the subject of the act does not invalidate it.

*Appeal from Madison District Court.*

TUESDAY, JUNE 3.

DEFENDANT was convicted upon an information charging him with selling, contrary to law, beer and other malt liquors within two miles of the city of Winterset. The proceedings were first prosecuted before the mayor of the city. Upon an appeal to the District Court defendant was again convicted. He now appeals to this court.

*Read & Wilkinson,* for appellant.

*J. F. McJunkin, Attorney General,* for the State.

BECK, CH. J.—I. The proceedings in this case are under chapter 119, Acts Seventeenth General Assembly. The only questions presented for our determination involve the validity of this act. Counsel for defendant insist that it is in conflict with the constitution and, therefore, void. They rely upon this position as a ground for reversing the judgment of the court below. It becomes our duty to consider the statute thus brought in question.

The title of the act and the first two sections are in the following language:

## "CHAPTER 119.

### "PROHIBITING THE SALE OF MALT OR VINOUS LIQUORS WITHIN TWO MILES OF CORPORATION AND OF PLACE OF ELECTION.

"AN ACT to Prohibit, Regulate and Punish the Sale of Malt or Vinous Liquors within Two Miles of the Corporate Limits of any Municipality, and within Two Miles of where an Election is held, and to Extend the Powers and Jurisdiction of said Municipality and its Officers.   Additional to Code, Title IV, Chapter 10, 'of Cities and Incorporated Towns.'

*"Be it enacted by the General Assembly of the State of Iowa:*

"Section 1.   It is hereby made unlawful for any person by himself, his agents or employe, directly or indirectly, to sell to any person ale, wine, beer or other malt or vinous liquors within two miles of the corporate limits of any municipal corporation, except at wholesale, for the purpose of shipment to places outside of such corporation and such two-mile limits, except as hereinafter provided; and excepting, further, that when said two miles embrace any part of another municipal corporation, that part so embraced within said corporation shall not be held to be affected by this act, but shall remain, as heretofore, exclusively under the control of the corporation within which it is situated.

"Section 2.   It is hereby made unlawful for any person, by himself, his agent or employe, directly or indirectly, to sell to any person, and upon any pretext whatever, ale, wine, beer, or other malt or vinous liquors, upon the day on which any election is held under the laws of the State, within two miles of the place where said election is held."

The following sections, to and including the eighth, relate to the construction of those first quoted, the penalty for their violation, proceedings therefor, etc., and need not be set out here.   The ninth and last section is as follows:

"Section 9. The power and jurisdiction of every municipal corporation, whether acting under general or special charter, to regulate, prohibit or license the sale of ale, wine and beer, and of the courts and officers thereof to enforce said regulations, is hereby extended two miles beyond the city limits of said corporation: *Provided*, that this section shall not be held to authorize said corporation to license any malt or vinous liquors, other than those malt or vinous liquors which said corporation, at this date, is authorized to license."

II. It is first claimed that the act is in conflict with the Constitution, article 1, § 6, which provides that all laws of a general nature shall have a uniform operation. It is said that under the act one city may license the sale of malt liquors and another may not; hence it is claimed the operation of the statute will not be uniform. But under the statutes of the State the cities have authority to regulate or prohibit the sale of malt liquors within their borders. Code, § 463. The constitutionality of this provision cannot be doubted. If the authority to license the sale of malt liquors may be constitutionally exercised within the municipal limits, it will not be unconstitutional to exercise the power without the limits in the same manner, if the power may be extended beyond the borders of the city. This proposition, it seems to us, cannot be denied.

1. CONSTITUTIONAL LAW: two-mile limit.

. But counsel suppose the case of two cities situated not more than two miles apart. One of them, under the act in question, licenses the sale of malt liquors and the other does not. It is insisted that "parties on one side of the municipality are prohibited from engaging in the business, and on the other side of the municipality parties living the same distance therefrom are allowed to engage in the business." This, it is claimed, is a want of uniformity in the operation of the statute. All there is in the illustration is this: it shows that persons who, under the law, are within the jurisdiction of the city are subject to its authority; those beyond its jurisdiction are not. It might as well be said that the laws authorizing

cities to levy taxes do not operate uniformly, because persons and property without the jurisdiction are not taxed under these laws, while those within are.

III.   It is next urged that the statute is obnoxious to article 3, § 29, of the Constitution, which provides that "every act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title."

2. —: —:

The subject of the act under consideration is to prohibit and regulate the sale of malt and vinous liquors within certain specific territory.   The extent of the prohibition or regulation, the territory over which the law extends, the periods of time when the law shall be operative, the punishment for its violation, the proceedings, and the court wherein they are to be tried, and the authority and territorial extent of the jurisdiction of cities to regulate and prohibit the sale of malt and vinous liquors under the act, are matters connected with the subject of the act.   These matters relate to the means and manner of attaining the object of the act, or carrying into effect the policy of the law and enforcing its provisions.   They are not of the subject of the act.   The statute confers authority upon courts to punish violation of its provisions, and upon municipal corporations to exercise the powers to regulate or prohibit the sale of liquors within prescribed limits, thus granting power to carry out the purpose of the law.   Many statutes could be cited similar in character.   One will answer our purpose as an illustration.   The subject of chapter 123, Acts of Sixteenth General Assembly, is taxation in aid of railroads.   It confers the authority to levy taxes for the purpose indicated upon cities, incorporated towns and townships.   It prescribes the proceedings to be had, the power and duties of officers of the cities, townships, counties and railroad corporations, etc.   Indeed, it provides for many matters connected with the subject which are necessary to carry out the policy and purpose of the act.   It never

has been claimed that this act is in conflict with the provisions of the constitution under consideration.

IV.   It is said that section 9 of the act in question in effect is an amendment of the charters of all the cities of the State, which is a subject separate from the prohibition or regulation of the sale of malt liquors.   The position is not sound.   The conferring of power upon the cities to act under the law, to attain its objects, is simply a matter connected with the subject, and pertaining to the policy of the act and the means to attain its object.   The provision is not unlike those in the act just cited, authorizing taxation in aid of railroads, which confer authority upon cities, not before possessed under their charters, to levy taxes.

V.  . The title of the act in question clearly expresses more than its real subject.   That part of the title which relates to 3. ——: ——. the extension of the powers and jurisdiction of title of act. municipalities and their officers are matters which, as we have seen, are connected with the subject of the statute.   The last sentence of the title surely expresses nothing relating to its subject.   It simply expresses the thought that the provisions confer authority upon cities in addition to former enactments.   The fact that the title contains matter not of the subject of the act does not bring it in conflict with the constitutional provision under consideration.

These views lead us to the very satisfactory conclusion that the statute is not subject to the objection urged by counsel for defendant, and is in accord with the constitution of the State.   The judgment of the District Court is, therefore,

AFFIRMED.