## MORGAN v. CITY OF DES MOINES.

(Circuit Court, S. D. Iowa, Central Division.　March 9, 1893.)

1. MUNICIPAL CORPORATIONS — DEFECTIVE STREETS — LIMITATION OF ACTIONS — INFANCY.

Acts 22d Gen. Assem. Iowa, c. 25, § 1, barring any suit against a municipal corporation for personal injuries caused by defective streets after six months from the date of the injuries, unless, within 90 days from such date, plaintiff gives written notice, specifying place and circumstances of the injury, is binding upon an infant as well as an adult.

2. CONSTITUTIONAL LAW — TITLES OF LAWS.

The above statute, being entitled "An act limiting the time of making claims and bringing suits against municipal corporations, including cities organized under special charters," does not violate Const. Iowa, art. 3, § 29, which requires every act to embrace but one subject, and matters properly conected therewith, which subject shall be expressed in the title.　State v. Shroeder, 1 N. W. Rep. 431, 51 Iowa, 197, followed.

3. STATUTES — AMENDMENTS.

The above statute is an independent act, and not an amendment to Code Iowa, § 2529, which is the general statute of limitations; and the exceptions to the general statute provided by section 2535, among which is infancy, do not apply thereto.

4. SAME.

Code Iowa, § 38, providing that every statute passed in amendment of, or in addition to, the Code, shall contain, in its title, a reference to the number and name of the chapter of the Code which it amends or adds to, and if such reference be omitted the secretary of state shall supply the omission, is merely directory, and a law which does not contain such a reference is valid.　State v. Shreves, 47 N. W. Rep. 899, 81 Iowa, 615, followed.

5. LIMITATIONS OF ACTIONS — EXCEPTIONS — INFANTS — LEGISLATIVE POWER.

It is wholly within the province of the lawmaking power to determine whether there will be any, and what, exceptions to the statute of limitations; and infants have no special right, beyond others, unless the statute itself gives them an exception from its operation.

At Law.　Action by Allelia R. Morgan, by her next friend, against the city of Des Moines, to recover damages for injuries sustained through the alleged negligence of defendant in not keeping its streets in repair.　Defendant demurs to the petition.　Demurrer sustained.

Statement by WOOLSON, District Judge:

The plaintiff, a resident of the state of Oregon, and five years of age, by her next friend, brings this suit against the city of Des Moines to recover damages alleged to have been suffered by her on account of negligence of defendant in not keeping its streets in good repair.　The petition alleges that plaintiff served no notice of said injury on defendant until July 22, 1892, but on that day notified the city of the place and time of the said injury, and claimed damages, etc.　To this petition defendant demurs on the ground that said petition shows on its face that the cause of action therein averred was barred when suit was brought; said cause of action being for personal injury from alleged defective streets of defendant, and same being brought after six months from the time of the injury, and no notice specifying place and circumstances of the injury having been served upon defendant within 90 days of the injury, as required by the laws of Iowa.

Park & Odell, for plaintiff.
Brennan & Bailey, for defendant.

WOOLSON, District Judge.　Section 1, c. 25, Acts 22d Gen. Assem. Iowa, (Sess. 1888,) reads as follows:

"That in all cases of personal injury resulting from defective streets or sidewalks, or from any cause originating in the neglect or failure of any municipal corporation, or of its officers, to perform their duties in constructing or maintaining streets or sidewalks, no suit shall be brought against the corporation after six months from the time of the injury, unless written notice, specifying the place and circumstances of the injury, shall have been served upon such municipal corporation within ninety days after the injury."

The injury is alleged to have occurred upon April 25, 1891. The petition herein was filed, and summons served upon defendant, over a year thereafter; and the petition avers that the notice contemplated in the foregoing statute was not served until July 29, 1892. Manifestly, then, if this statute is valid, and applies to the cause of action herein, the demurrer must be sustained, since the statute of Iowa, relating to practice, specially authorizes a demurrer where the petition, on its face, shows the cause of action to be barred by the statutes of limitation.

1. Is the statute valid? Counsel for plaintiff contend that the statute is invalid because it does not conform to section 38 of the Code of Iowa, which provides that "every act passed in amendment of, or in addition to, any chapter or section of this Code, or in amendment of, or in addition to, any previous act of the same kind, shall contain in the title thereof a reference to the number and name of the chapter so amended or added to; and, if such reference be omitted, the secretary of state shall, in preparing such act for publication, supply the omission." As published, (page 31, Laws 1888,) there is no such reference contained in the title of the statute under consideration. If the position assumed, and strongly insisted upon, by counsel for plaintiff, be correct, the statute is invalid. We do not understand counsel for plaintiff to dispute the proposition that, before a statute can be declared invalid, there must be clearly shown therefor such reasons as that the court is logically driven to the conclusion of its invalidity. In other words, if the court reasonably can, it will refuse to declare invalid a statute which has passed through the required legislative and executive forms leading up to and constituting enactment and approval. The court will solve all doubts in favor of the statute's validity. Aside from the authority of one legislative body to repeal or overthrow the enactment of its predecessor, whenever it so determines, (saving, of course, the question, not here involved, of impairment of contract obligations,) there are many reasons apparent for construing this section of the Code as directory, rather than mandatory. Indeed, the latter part of this section is practically such a construction, in providing that "if such reference be omitted [by the general assembly] the secretary of state shall, in preparing such act for publication, supply the omission." Manifestly, therefore, and by the very terms of the section, the omission of the title in the act—as passed by the general assembly and approved by the governor—of reference provided in the section will not invalidate the act; for the secretary of state is required to insert such reference, in preparing the act for publication. In the statute under consideration, as published, the secretary of state has not supplied the omission. Does this failure of the secretary to comply with the terms of section 38 invalidate the statute? This court is bound to adopt that construction of section 38 which has been made by the supreme

court of Iowa. In State v. Shreves, 81 Iowa, 615, 47 N. W. Rep. 899, section 38 was under consideration by that court. The court was called upon to determine this very question, as to the effect of the failure of the secretary of state to supply this omission, and held: "It is a provision merely in aid of ready reference, and the validity of the law cannot be affected by the omission of the secretary to perform a mere clerical act." We must therefore conclude that the omission in this statute to refer to the section or act which it affects, if it affects any, does not render the statute invalid.

2. It is further claimed by plaintiff's counsel that this statute (chapter 25, Laws 22d Gen. Assem.) is invalid because it violates section 29 of article 3 ("Legislative Department") of the constitution of Iowa, which reads: "Sec. 29. Every act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title." The contention is that the statute in question amends or is connected with two subjects, viz. control of municipal corporations, and limiting actions against cities. But in fact only one subject is legislated upon in this statute, within the construction which the supreme court of Iowa has placed on this constitutional provision. That court has had frequent occasions to construe this provision, and its general construction has been uniform. Section 26, art. 3, ("Legislative Department,") of the constitution of Iowa, adopted in convention in 1846, and which was in force up to the adoption of the constitution now in force, is in these words: "Sec. 26. Every law shall embrace but one object, which shall be expressed in the title." It will be noticed that the present provision differs from that just quoted, in that the present phraseology is, "one subject, and matters properly connected therewith." State v. Judge of Davis Co., 2 Iowa, 280, was a mandamus proceeding to compel the opening of a state road. The statute there under construction contained 66 sections, establishing some 46 roads, vacating others, providing for the relocation of yet other roads, and changing one or more roads from county to state roads. The title of the act is, "An act in relation to certain state roads therein named." The claim was pointedly made that the statute was unconstitutional, as violating said section 26, above quoted, of the old constitution. In holding the statute valid, the court say, (page 282:)

"The intent of this provision of the constitution was to prevent the union in the same act of incongruous matter, and of objects having no connection,—no relation; and, with this, it was designed to prevent surprise in legislation by having matter of one nature embraced in a bill whose title expressed another. It is manifest, however, that there must be some limit to the division of matter into separate bills or acts. It cannot be held, with reason, that each thought or step toward the accomplishment of an end or object should be embodied in a separate act. When we find in the revenue law provisions concerning the county treasurer's powers to levy upon and sell personal property as a constable, or concerning his fees, or relating to peddler's license, and when we see in the school law, provisions about the superintendent of public instruction, and the school-fund commission, and about school-district officers, and their bonds, and about state and county and district funds, we are not surprised, and no one suspects a breach upon the constitution. These things are congruous with the end proposed."

So in Davis v. Woolnough, 9 Iowa, 107, in considering chapter 210, Laws 1856, the supreme court of Iowa hold the act constitutional,

although the act, while revising and consolidating the laws incorporating the city of Dubuque, contains a new provision, establishing a city court in that city; and their reason for holding the act valid is that the provision establishing that court "is entirely germane with the object of the act." Coming down to cases involving the constitutional provision in force when the statute in question was enacted, we find in State v. Shroeder, 51 Iowa, 197, 1 N. W. Rep. 431, the supreme court of the state considering chapter 119, Act 17th Gen. Assem. This act, by its terms, prohibited sale at any time of malt or vinous liquors within two miles of the limits of any municipal corporation, and, upon the day of election, within two miles of where an election was being held, and extended, for the purpose of enforcing the act, the power and jurisdiction of such municipality two miles beyond the limits of the corporation, and provided penalties for violation, and methods of enforcement, and that a conviction under that act should, at the option of the landlord, work a forfeiture of a lease held by the convicted party, and gave to the landlord the right of action of forcible entry and detainer to evict such tenant, and that agents employed in selling in violation of the act should be punished as principals. The court hold the act constitutional, and say, (page 200, 51 Iowa, and page 433, 1 N. W. Rep.:)

"The subject of the act under consideration is to prohibit and regulate the sale of malt and vinous liquors within certain specific territory. The extent of the prohibition or regulation, the territory over which the law extends, the periods of time when the law shall be operative, the punishment for its violation, the proceedings, and the court wherein they are to be tried, and the authority and territorial extent of the jurisdiction of cities to regulate and prohibit the sale of malt and vinous liquors under the act, are matters connected with the subject of the act. These matters relate to the means and manner of attaining the object of the act, or carrying into effect the policy of the law, and enforcing its provisions. They are not of the subject of the act. The statute confers authority upon courts to punish violations of its provisions, and upon municipal corporations to exercise the powers to regulate or prohibit the sale of liquors within certain prescribed limits, thus granting power to carry out the purpose of the law. Many statutes could be cited similar in character."

The subject of the statute under consideration relates to the bringing of suits against municipal corporations for personal injuries arising from certain named causes, and this subject is sufficiently expressed in the title. The statute must be held valid.

3. The petition, on its face, shows that plaintiff has not complied with the provisions of this statute with reference to giving notice of place, etc., of the alleged injury; and, unless the petition presents a case to which this statute is not applicable, the cause of action is barred, and the demurrer must be sustained. But plaintiff claims that the infancy of plaintiff excepts it from the operation of this statute.

The claim is made that the statute in question is in fact but an amendment to section 2529 of Code of Iowa, which is the section providing the general statute limiting actions in Iowa; that this section furnishes the general rule within the state; that section 2535, Code, provides the exception to this general rule, in that the last-named section extends, in favor of minors, the time limited for action under the general rule of the Code, so that the minor has one year after attain-

ing majority within which to bring the action; and that, as the statute under consideration is an amendment to said section 2529, the exception (section 2535) applies to it equally as to the original section. But the statute in question does not, by its terms, purport to be such amendment. It stands on the page of the Session Laws as an act independent, complete in itself; and we are not referred to any decision of the supreme court of Iowa, which has construed this statute as being an amendment, with the effect as claimed. In State v. Shroeder, supra, the claim was made that section 9 of the act there under consideration was, in effect, an amendment of the charters of cities, etc. The act did not, by its terms, purport to amend such charters, although it could not be denied that the operation of the act, of necessity, extended their power and jurisdiction. The supreme court held the position claimed was not sound. The contention of plaintiff that section 2535 of the Iowa Code applies to the statute under consideration is not well founded.

4. Lastly, plaintiff's counsel contend that the application of the statute under consideration to the case of plaintiff works an oppressive, most severe, hardship to plaintiff, in that it compels a child of but four years of age to give, within 90 days from the time she is injured, the notice which the terms of the statute require, and that, if this four years old child does not give such notice, she is to be deprived of all remedy against the city for a permanent injury suffered through the negligence of the city, and that under these circumstances this court should not impute to this infant a knowledge of this statute, and hold her responsible, as an adult might well be held responsible, for a failure to perform all its provisions as to giving notice. But this court is powerless, did it so desire, to repeal this statute, or to disregard its provisions, when a defendant entitled thereto calls on this court to award to it the benefit of such statute. The lawmaking power of the state is charged with the duty of legislating, which it has exercised in this instance; and, whether exercised wisely or not, (which this court is not called upon to decide,) such legislation is binding upon this court. "Unless congress has otherwise provided, state statutes of limitations are applied to controversies in the courts of the United States with the same effect as they would be if the controversy were pending in the courts of the state." Martin v. Smith, 1 Dill. 85. "That acts of limitation furnish rules of decision, and are equally binding on the federal courts as they are on state courts, is not open to controversy." Bank v. Dalton, 9 How. 522. "The lawmaking power of the state has enacted the statute in question without making or reserving an exception in favor of infants. The legislature having made no exception, the courts of justice can make none, as that would be legislating." Bank v. Dalton, supra. "Wherever the situation of the party was such as, in the opinion of the legislature, to furnish a motive for excepting him from the operation of the law, the legislature has made the exception, and it would be going far for this court to add to the exception." McIver v. Ragan, 2 Wheat. 29. "Though the court may think that the legislature would have excepted a case out of the statute of limitations, if it had foreseen it, the court cannot except it." The Sam Slick, 2 Curt. 480. "It is urged that, because the plaintiff in error was a minor

when this law went into operation, that it cannot affect her rights. But the constitution of the United States, to which appeal is made in this case, gives to minors no special rights, beyond others; and it was within the legislative competency of the state to make exceptions in their favor, or not. The exception from statutes of limitation usually accorded to infants and married women do not rest upon any general doctrine of the law, that they cannot be subjected to their action, but in every instance upon express language in those statutes giving them time after majority, or after cessation of coverture, to secure their rights." Vance v. Vance, 108 U. S. 522, 2 Sup. Ct. Rep. 854. It is therefore ordered that the demurrer to petition be, and the same is hereby, sustained, and the clerk will make due record of this order.