## MORGAN v. CITY OF DES MOINES.

### (Circuit Court of Appeals, Eighth Circuit. February 12, 1894.)

#### No. 340.

MUNICIPAL CORPORATIONS—DEFECTIVE STREETS—LIMITATIONS—INFANCY.

Act Iowa, Feb. 17, 1888, which limits to six months a right of action against cities for injuries resulting from defective sidewalks, unless notice is served on the city within 90 days from the injury, applies as well to infants as to adults.

In Error to the Circuit Court of the United States for the Southern District of Iowa.

Action by Allelia R. Morgan, by her next friend, B. W. Morgan, against the city of Des Moines, for personal injuries. Defendant obtained judgment on demurrer to the petition. Plaintiff brings error.

William A. Park, for plaintiff in error.

Hugh Brennan, for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

CALDWELL, Circuit Judge. The plaintiff in error, Allelia R. Morgan, a minor, by her next friend, B. W. Morgan, brought suit against the city of Des Moines, Iowa, in the United States circuit court for the southern district of Iowa, to recover damages for an injury resulting from a defective sidewalk in the city. The petition alleged that the injury occurred on the 25th day of April, 1891, and this suit was commenced on the 29th day of August, 1892. On the 17th of February, 1888, the general assembly of the state of Iowa passed the following act:

"Chap. 25. Suits and Claims against Municipal Corporations.

"An act limiting the time of making claims and bringing suits against municipal corporations including cities organized under special charters.

"Be it enacted by the general assembly of the state of Iowa:

"Section 1. That in all cases of personal injury resulting from defective streets or sidewalks or from any cause originating in the neglect or failure of any municipal corporation, or its officers, to perform their duties in constructing or maintaining streets or side-walks, no suit shall be brought against the corporation after six months from the time of the injury, unless written notice specifying the place and circumstances of the injury shall have been served upon such municipal corporation within ninety days after the injury.

"Sec. 2. All the provisions of this act shall be applicable to all cities in this state now organized under special charters. Approved February 17, 1888."

The petition did not aver that written notice specifying the place and circumstances of the injury had been served upon the city,

within 90 days after the injury, as required by the statute; and the city demurred to the petition for that reason, and upon the ground that it showed the cause of action was barred. The court below sustained the demurrer (54 Fed. 456), and rendered final judgment in favor of the city, and thereupon the plaintiff sued out this writ of error.

The contention of the plaintiff in error is that the provision of the general statute of limitations of the state (section 2535, Code of Iowa), which declares that minors shall have one year after the termination of their disability within which to commence an action, should be imported, by construction, into the statute which we have copied. To do so would be judicial legislation. Amy v. Watertown, 130 U. S. 320, 9 Sup. Ct. 537; Bennett v. Worthington, 24 Ark. 487; Vance v. Vance, 108 U. S. 514, 521, 2 Sup. Ct. 854. The act of February 17, 1888, is not an amendment of any previous act on the subject to which it relates. It is new and independent legislation, and complete in itself. It establishes the rule for the class of cases to which it relates. The power of the legislature to enact the statute is not questioned. It would be entirely competent for the legislature to enact a general statute of limitations putting minors and adults on the same footing as to all causes of action, and such would be the legal effect of a statute which contained no saving clause exempting infants from its operation. This principle has never been questioned. It is clearly and forcibly stated by Mr. Justice Miller in delivering the opinion of the supreme court in Vance v. Vance, 108 U. S. 514, 521, 2 Sup. Ct. 854, as follows:

"It is urged that, because the plaintiff in error was a minor when this law went into operation, it cannot affect her rights. But the constitution of the United States, to which appeal is made in this case, gives to minors no special rights, beyond others, and it was within the legislative competency of the state of Louisiana to make exceptions in their favor, or not. The exemptions from the operation of the statutes of limitation usually accorded to infants and married women do not rest upon any general doctrine of the law that they cannot be subjected to their action, but, in every instance, upon express language in those statutes giving them time after majority, or after cessation of coverture, to assert their rights."

The ground upon which saving clauses in statutes of limitation in favor of infants and married women are upheld is the injustice of barring the cause of action of one who is technically incapable of suing. Theoretically, this reason is extremely persuasive; but, speaking for myself, I give it as my deliberate judgment, after 40 years' experience at the bar and on the bench, that the saving clauses in statutes of limitation, exempting infants and married women from their operation, have been productive of more hardship and injustice than would have resulted from the absence of such provisions. An examination of the Reports will disclose the fact that the most flagrantly unjust and inequitable judgments and decrees that courts have been compelled to render resulted from these saving clauses. Technically, an infant cannot maintain a suit, and, in contemplation of law, is ignorant of his rights; but, in fact and in practice, infants, through their guardians and next friends, are commonly the most diligent and persistent of suitors, and the in-

stances are few where any meritorious right is allowed to slumber. The self-interest of those who desire to administer the infant's estate usually results in a speedy action for its recovery. But, however this may be, the argument against the justice and wisdom of the statute which contains no saving clause in favor of infants must be addressed to the legislature, and not to the courts. In Blivens v. City of Sioux City (Iowa) 52 N. W. 246, the supreme court of Iowa gave effect to the statute under consideration, and declared that its "evident purpose was * * * to give the municipal corporation such notice of injuries for which it is claimed to be liable as will enable it to investigate the injuries, and the circumstances under which they were received, while witnesses who knew and remember the facts can be found, to the end that fraud may be prevented and justice be done." The judgment of the circuit court is affirmed.