DAVIDSON *v.* CITY OF MUSKEGON.

1. MUNICIPAL CORPORATIONS — CLAIM FOR INJURIES — PRESENTA-
   TION TO COUNCIL.

   A charter provision that all claims for damages against the
   city growing out of the negligence or default of the city, or of
   any officer or employé thereof, shall be presented to the com-
   mon council within six months after the claim shall arise,
   applies to claims for personal injuries, notwithstanding a
   further provision that no claim shall be allowed unless it
   exhibits in detail all the items making up the amount claimed,
   and the true date of each.

2. SAME — INFANCY.

   Such a limitation of the time for presenting claims applies
   to infants as well as to adults, in the absence of any saving
   clause exempting the former from its operation.

Error to Muskegon; Russell, J.   Submitted November
13, 1896.   Decided January 5, 1897.

Case by Ida Davidson against the city of Muskegon for
personal injuries. From a judgment for defendant on
verdict directed by the court, plaintiff brings error.
Affirmed.

*Ed. D. Haines* (*Joseph H. Clark*, of counsel), for
appellant.

*H. L. Delano*, for appellee.

MOORE, J.   The plaintiff sued the defendant to recover
for injuries received by her on a defective sidewalk.   It
is her claim that the injuries were received August 21,
1892; that she was then an infant, and attained her ma-
jority February 1, 1894; that March 15, 1894, she pre-
sented to the common council of Muskegon a claim in
writing, duly verified, for damages; and that she did the

same again July 3, 1894. There is no question raised upon the sufficiency of the pleadings. The case was tried by a jury. The plaintiff introduced evidence tending to prove all the allegations necessary to make a case. The defendant introduced in evidence section 20, tit. 6, of the charter of the city of Muskegon, as follows:

"The common council shall audit and allow all accounts chargeable against the city, but no account or claim or contract shall be received for audit or allowance unless it shall be accompanied with affidavit of the person rendering it to the effect that he verily believes that the services or property therein charged for have been actually performed or delivered to the city, the sums charged therefor are reasonable and just, and, to the best of his knowledge and belief, no set-off exists or payment has been made on account thereof, except such as are indorsed or referred to in such account or claim; and every such account shall exhibit in detail all the items making up the amount claimed, and the true date of each. It shall be sufficient defense in any court to any action or proceeding for the collection of any demand or claim against the city, of any description whatever, that it has never been presented as aforesaid to the council for allowance, or that the claim was presented without the affidavit aforesaid, and rejected for that reason, or that the action or proceeding was brought before the common council had a reasonable time to investigate and pass upon it. And all claims for damages against the city growing out of the negligence or default of said city, or of any officer or employé thereof, shall be presented to the common council of said city, in the manner above provided, within six months after such claim shall arise, and, in default thereof, shall thereafter be forever barred; and in any action in any court on any such claim, the claimant shall be required to show that such claim has been duly presented, in the manner in this section specified, to the common council of said city for audit, investigation, and allowance."

The above was received and read in evidence, and defendant rested. The court thereupon instructed the jury to bring in a verdict for defendant.

The only question in the case is whether the charter provision is a defense to the claim of the plaintiff. In the

absence of the charter provision the action was brought in time. It is the contention of the defendant that, as the plaintiff did not file her claim before the common council within six months from the date of her injury, she did not file it within six months after the claim arose, and that she cannot maintain her action. In support of this view, counsel cites *Springer* v. *City of Detroit*, 102 Mich. 300; *Morgan* v. *City of Des Moines*, 54 Fed. 456. It was the opinion of the trial judge that the last-named case should control this one. It is urged on the part of plaintiff that, in any view of the case, she is entitled to recover. It is said the charter provision requiring her to show that such claim has been duly presented, "in the manner in this section specified, to the common council of said city for audit, investigation, and allowance," cannot be regarded as a provision applicable to personal injury cases. It is urged that such a requirement asks an impossible thing; that it is not possible for a person to make an itemized statement of his claim for damages growing out of injuries to the person, and accompany it by an affidavit,—citing *Lay* v. *City of Adrian*, 75 Mich. 444. It is also urged that it is not possible for an injured person to know, within six months of the time of the accident, just what the extent of the claim is; that it often happens that, within so short a time of the accident, no one can tell whether the injuries are of a permanent character or not, how serious they are, or how great the damages suffered. It is also urged that this charter provision, inasmuch as it required the claim to be verified by affidavit, is unlike the charter provision of Detroit, and that the case of *Springer* v. *City of Detroit*, 102 Mich. 300, does not control the case, but that the case of *Lay* v. *City of Adrian*, *supra*, in its reasoning, does determine it. It is also urged that the case of *Morgan* v. *City of Des Moines*, 54 Fed. 456, 60 Fed. 208, does not apply, for the reason that the limitation in the last-named cases was fixed, definite, and certain; the provision being, "No suit shall be brought against the

corporation after six months from the time of the injury, unless written notice, specifying the place and circumstances of the injury, shall have been served upon such municipal corporation within 90 days after the injury." It is urged that all persons know when an injury occurs which happens to them, but that no one can know that he has a claim for damages, or that a claim for damages has arisen, until he knows approximately how serious the injury is. With reference to the case of *Lay* v. *City of Adrian,* it may be said that the limitation imposed by the charter provision did not refer to cases growing out of the negligence of the city or its officers. No reference was made to that class of cases in the provisions of the charter. We think the case of *Springer* v. *City of Detroit, supra,* applies to this case. To hold otherwise would render the provisions contained in the Muskegon charter nugatory.

It is also urged, in this case, on the part of the plaintiff, that, as she filed her claim with the common council within the limited time after she attained her majority, she is not now barred from bringing her suit. The power of the legislature to enact a statute of limitations cannot now be questioned. It is entirely competent for the legislature to enact a general statute of limitations that would put adults and minors on the same footing with reference to the time in which actions must be brought, and such would be the legal effect of a statute which contained no saving clause exempting infants from its operations. *Morgan* v. *City of Des Moines,* 60 Fed. 208.

We think the circuit judge made a proper disposition of the case.

Judgment is affirmed.

The other Justices concurred.