## LAFAYETTE COUNTY, MO., v. WONDERLY.

(Circuit Court of Appeals, Eighth Circuit. February 20, 1899.)

No. 1,071.

1. JUDGMENTS—RIGHT OF REVIVAL—PROCEEDINGS BY SCIRE FACIAS.

The purpose of a proceeding by scire facias to revive a personal judgment is not to raise the issue of the validity of the original judgment, but to give the debtor an opportunity to show, if he can, that it has been paid, satisfied, or released, and, if he cannot, to avoid the statute of limitations against it, and to give the creditor a new right of enforcement from the date of the judgment of revival. Such proceeding is not a substitute for an action of debt on the judgment, but one which may be maintained concurrently with such action, and without regard to its pendency.

2. SAME—STATUTE OF MISSOURI.

The statutes of Missouri having provided for the revival of judgments by writ of scire facias, without making any exceptions, the courts cannot except a judgment from their operation on the ground that it is not a lien on property, or because no execution could issue thereon.

3. SAME—MANNER OF ENFORCEMENT—WRIT OF MANDAMUS.

A writ of mandamus to enforce the collection of a judgment against a municipality performs the office of, and is legally the equivalent of, an execution upon a judgment against an individual.

4. SAME—PROCEEDINGS TO REVIVE—LIMITATIONS.

The issuance of a writ of scire facias to revive a judgment suspends the running of the statute of limitations against it for the purposes of the proceeding, and the fact that the judgment would have become ineffective for any purpose, by limitation, before the hearing, had the proceeding not been commenced, is no defense to a revival.

5. SAME—DEFENSE—JUDGMENT IN CONCURRENT ACTION OF DEBT.
    The pendency of an action of debt on a judgment concurrently with a proceeding by writ of scire facias for its revival is not a defense to the latter proceeding; nor is a judgment for the plaintiff in the former action before the hearing on the writ.

In Error to the Circuit Court of the United States for the Western District of Missouri.

The writ of error in this case challenges a judgment of revivor (77 Fed. 665) upon a writ of scire facias on a judgment against the county of Lafayette, in the state of Missouri, rendered on October 31, 1885. The writ was issued on October 25, 1895. It was in the usual form. It recited the judgment of 1885; the fact that it had been assigned to Charles P. Wonderly, the defendant in error; that it was suggested that this judgment had never been satisfied; that the defendant in error had asked that the judgment be revived; and it summoned the county to appear and show cause why this request should not be granted. The county made numerous objections to the relief sought by demurrer and by answer, only four of which are insisted upon in this court. They are that the judgment of 1885 could not be lawfully revived by means of the scire facias: (1) Because no execution was issuable upon it; (2) because it was not a lien upon any property of the judgment debtor; (3) because the judgment of 1885 was barred on October 31, 1895, by the act of the legislature of Missouri of April 9, 1895 (Laws 1895, p. 221); and (4) because it was merged into a judgment against the county which was rendered prior to the judgment of revivor herein, in the circuit court of Lafayette county, in the state of Missouri, in an action which had been brought in that court by the defendant in error upon the same judgment on September 18, 1895.

Elijah Robinson (James M. Lewis, William Aull, and Stuart Carkener, on the brief), for plaintiff in error.

Frederick A. Wind, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. The proceeding by writ of scire facias to revive a personal judgment is statutory. It had its origin in the statute of Westminster II. (13 Edw. I. c. 45). It is not an original proceeding, but a mere continuance of the former suit,—a supplementary remedy to aid in the recovery of the debt evidenced by the original judgment. Adams v. Savage, 3 Salk. 321, 2 Bac. Abr. 598; McGill v. Perrigo, 9 Johns. 259; Humphreys v. Lundy, 37 Mo. 320, 323. Its purpose is not to raise the issue of the validity of the original judgment, but to offer the debtor an opportunity to show, if he can, that the former judgment has been paid, satisfied, or released, and, if he cannot, to avoid the statute of limitations against the judgment and its lien, if it have one, and to give the creditor a new right of enforcement from the date of the judgment of revival. Its effect, when it results in a new judgment, is to avoid the statute of limitations, to set it running again from the date of the judgment of revival, and to reinstate the old judgment, and any lien which it evidences, as of the date of the judgment of revival. 2 Cooley, Bl. Comm. 3, 656; Walsh v. Bosse, 16 Mo. App. 231, 233; Insurance Co. v. Hill, 17 Mo. App. 591, 593; Fagan v. Bently, 32 Ga. 534; Farrell v. Gleeson, 11 Clark & F. 702, 712. It is not a substitute for the action of debt upon the judgment, but is an independent, concurrent remedy, of which the creditor may avail himself, regardless of such an action. Until pay-

ment of the debt has been enforced, he may prosecute his action of debt and his proceeding by scire facias at the same time, and the pendency of the one is no defense to the other. 2 Coke, Inst. 472; Carter v. Coleman, 34 N. C. 274; Lambson v. Moffett, 61 Md. 426, 431. The time, manner, and effect of the use of this proceeding in the state of Missouri have been prescribed by positive and clear enactments of the legislature of that state. These statutes (Rev. St. 1889) furnish the test by which the objections of the plaintiff in error must be tried, and they read in this way:

"Sec. 6012. The Commencement, Extent and Duration of Lien. The lien of a judgment or decree shall extend as well to the real estate acquired after the rendition thereof, as to that which was owned when the judgment or decree was rendered. Such liens shall commence on the day of the rendition of the judgment, and shall continue for three years, subject to be revived as hereinafter provided. * * *

"Sec. 6013. Scire Facias to Revive, may Issue, When. The plaintiff or his legal representatives may, at any time within ten years, sue out a scire facias to revive a judgment and lien: but after the expiration of ten years from the rendition of the judgment, no scire facias shall issue.

"Sec. 6014. Revival to Take Effect from Rendition, When. If a scire facias be issued after the expiration of the lien, and a judgment of revival is afterwards rendered, such revival shall only take effect from the rendition thereof and shall not prevail over intermediate encumbrances.

"Sec. 6015. Scire Facias before Lien Expires, Effect of. If a scire facias is issued to revive a judgment and lien before the expiration of the lien, and a judgment of revival is afterwards rendered, although it may be after the expiration of the lien, yet the lien shall prevail over all intermediate encumbrances."

Section 6016, 6017, and 6018 prescribe the method of service of the scire facias.

"Sec. 6019. Judgment Revived, When. If, upon the service of the scire facias or publication as aforesaid, the defendant, or any of his creditors, do not appear and show cause against reviving the judgment or decree, the same shall be revived, and the lien continued for another period of three years and so on, from time to time, as often as necessary.

"Sec. 6020. Execution may Issue, When. Execution may issue upon a judgment at any time within ten years after the rendition of such judgment."

Section 6796, as amended by the act of April 9, 1895 (Laws Mo. 1895, p. 221):

"Every judgment, order or decree of any court of record of the United States, of this or any other state or territory, shall be presumed to be paid and satisfied after the expiration of ten years from the date of the rendition of such judgment or order, or decree, or in case a payment has been made thereon, and duly entered upon the record thereof, after the expiration of ten years from the day of the last payment so made; and after the expiration of ten years from the day of the rendition or from the day of the last payment no execution, order or process shall issue thereon, and neither shall any suit be brought thereon to collect the amount of the same as a debt."

We are now prepared to give attention to the specific objections to the judgment of revivor in hand, and we will proceed to consider them in their order, in the light of this legislation.

The contention that the judgment of 1885 could not be revived by scire facias, because no execution could be issued upon it, and because it was not a lien upon any of the property of the judgment debtor, is met by the fatal objection that the statutes of Missouri authorize the revival of all judgments, and contain no exceptions.

The legislature of that state had the undoubted power and right to
except from the benefit of this writ judgments upon which no execu-
tion could issue, judgments which created no liens, and any other judg-
ments it might specify; and it had the same right and power to
authorize the use of the writ to revive all judgments. It exercised
this power. It authorized the issue of this writ to revive every judg-
ment, and made no exception. Where the legislature has granted
a right or extended a privilege to every member of a class, and made
no exception, the conclusive presumption is that it intended to make
none, and it is not the province of the courts to do so. Madden v.
Lancaster Co., 12 C. C. A. 566, 573, 65 Fed. 188, 195, and 27 U. S.
App. 528, 540; Contracting Co. v. Ward, 28 C. C. A. 667, 675, 85
Fed. 27, 35, and 55 U. S. App. 730, 741; Morgan v. City of Des
Moines, 8 C. C. A. 569, 60 Fed. 208, and 19 U. S. App. 593. Again,
section 6020 authorizes the issue of an execution upon every judg-
ment, and our attention has been called to no act which prohibits its
issue upon a judgment against a county. It may be true that the
issue of an execution upon such a judgment would be futile, in view
of the exemption of public property from a levy under it by sections
4904 and 4905, Gen. St. 1889. But even if an execution were not
issuable upon this judgment, and if the statute excepted, as it does not,
judgments upon which an execution could not issue, a writ of man-
damus was certainly available to compel a levy of a tax to pay the
judgment; and upon this ground the judgment against the county
would fall within the intent of the legislature, and the spirit and
meaning of this statute, because the writ of mandamus to enforce the
collection of judgments against municipalities performs the office and
is legally the equivalent of the writ of execution upon judgments
against private individuals. Dempsey v. Oswego Tp., 2 C. C. A. 110,
112, 51 Fed. 97, 99, and 4 U. S. App. 416, 434; U. S. v. Same, 28
Fed. 55; Stuart v. Justices, 47 Fed. 482; State v. Slavens, 75 Mo.
508. The position that the judgment could not be revived, because it
evidenced no lien, is not only in the teeth of the general enactment
found in section 6013, which covers all judgments, but is also incon-
sistent with the specific provision of section 6014, which declares the
effect of a revival of a judgment after the expiration of its lien. Be-
yond this, there is no sound reason why a judgment which creates
no lien may not be revived by scire facias. One of the objects and
effects of a revival is to avoid the statute of limitations, to give the
creditor a new right to enforce his judgment from the date of the judg-
ment of revival, and to set the statute of limitations to running from
the date of the latter judgment. The creditor is entitled to pursue this
purpose and to accomplish this result by the use of this writ, both
under the express provisions of the statute of Missouri, and under
the general rules of law which govern the use of the writ, whether
the judgment revived created a lien upon the debtor's property or not.
The imposition of a lien by means of a judgment is not indispensable
to the exercise of a right to revive it by scire facias. Conyngham Tp.
v. Walter, 95 Pa. St. 85, 88.

The next position of the county is that the judgment of revival was
erroneously entered because the original judgment of October 1, 1885,

became barred and dead upon October 31, 1895, by virtue of the act of April 9, 1895, which limits the life of a judgment to 10 years, and provides that, "after the expiration of ten years from the day of the rendition or from the day of the last payment, no execution, order or process shall issue thereon, and neither shall any suit be brought thereon to collect the amount of the same as a debt." The patent answer to this contention, however, is that the writ in this case was issued on October 25, 1895, within the 10 years prescribed by the act of 1895, as well as by section 6013 of the General Statutes, and upon well-settled principles the statute of limitations ceased to run on that day, as against the pending proceeding to revive the judgment. The issue which the writ tendered to the debtor was whether or not any payment or release of the judgment had been procured which made it unjust to revive it. The fact that the county had not paid it, but had waited until it would have become barred by the statute if the writ had not issued, constituted no cause why it should not be revived, but was a conclusive reason why it should be.

Finally it is insisted that the judgment of revival is erroneous because the plaintiff in error commenced an action of debt on the original judgment on October 18, 1895, which resulted in a judgment in his favor in one of the courts of the state of Missouri before the judgment of revival was rendered in the court below. It is said that the original judgment was merged in the new judgment in the state court, and became functus officio, so that it could not be the basis of any action or recovery, and in support of this view Freem. Judgm. § 215; Cooksey v. Railway Co., 74 Mo. 477; Wilson v. Railway Co., 87 Mo. 431; and Blake v. Downey, 51 Mo. 437,—are cited. But a careful consideration of the nature of the proceeding by scire facias, and of its relation to an action of debt on the same judgment, shows that the principle announced in these authorities has no application to the case at bar. Under the statute of Westminster II., and under the statutes of Missouri, this proceeding by scire facias is a remedy for the avoidance of the statute of limitations, independent of, but concurrent with, an action of debt upon the judgment. Either or both remedies may be pursued at the same time, and the pendency of one is no defense to the prosecution of the other. The creditor may pursue both until he secures the payment or satisfaction of his debt. Payment or satisfaction by means of the concurrent remedy—and that only—constitutes a defense to the other proceeding. 2 Coke, Inst. 272; Carter v. Coleman, 34 N. C. 274; Lambson v. Moffett, 61 Md. 426, 431; Masterson v. Cundiff, 58 Tex. 472; Standley v. Roberts, 8 C. C. A. 305, 314, 59 Fed. 836, 841, and 19 U. S. App. 407, 421; Merritt v. Barge Co., 24 C. C. A. 530, 536, 79 Fed. 228, 233, and 49 U. S. App. 85, 96; Stanton v. Embrey, 93 U. S. 548, 554. The action of debt on the judgment of 1885 was commenced on September 18, 1895. It was pending, but had not matured into a judgment, when, on October 25, 1895, the defendant in error sued out the writ of scire facias in this case. That writ summoned the county to show cause, if any it had why the original judgment should not be revived. Under the established rules which govern the proceedings under this writ, the only cause it was open to it to show was that it had paid or satisfied the

debt in some such way that it would be unjust to avoid the statute of limitations and to revive the judgment. Obviously, the fact that it had not paid the judgment, but had continued to refuse to pay it until another judgment that it ought to pay it had been rendered in another court, which it still refused to pay, had no tendency to show that the original judgment had been paid or satisfied, or that any injustice would be done by continuing it in force. The existence of the unsatisfied judgment in the state court constituted no defense to this proceeding, but was rather an added reason why the defendant in error should have the relief he sought. The judgment below must be affirmed, with costs, and it is so ordered.