### TOD v. KUYKENDALL.

(District Court, D. Colorado. July 21, 1913.)

No. 6,103.

1. JUDGMENT (§ 934*)—ACTION ON FOREIGN JUDGMENT—LIMITATION—EFFECT OF REVIVOR.

Statutory proceedings to revive a judgment which has become dormant constitute in substance a new action, and the judgment rendered therein is a new judgment, from the date of which only limitation begins to run against an action thereon in another jurisdiction.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1764, 1766–1768; Dec. Dig. § 934.*]

2. JUDGMENT (§ 934*)—VALIDITY OF STATUTE—ACTIONS ON FOREIGN JUDGMENTS.

The provision of Rev. St. Colo. 1908, § 4076, fixing a limitation of three months for actions on foreign judgments which were rendered on causes of action accruing more than six years prior to the commencement of the action in Colorado, is void as fixing the time unreasonably short.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1764, 1766–1768; Dec. Dig. § 934.*]

At Law. Action by William Stewart Tod against John M. Kuykendall. On demurrer to complaint. Overruled.

Chas. W. Burdick, of Cheyenne, Wyo., and Edmund J. Churchill, of Denver, Colo., for plaintiff.

J. J. Laton, Wm. V. Hodges, and Mason A. Lewis, all of Denver, Colo., for defendant.

LEWIS, District Judge. This is an action on a foreign judgment, commenced March 17, 1913. It is alleged that the plaintiff, on August 19, 1895, recovered a judgment against the defendant in the District Court, a court of general jurisdiction, sitting within and for the County of Laramie, in the State of Wyoming, in the sum of six thousand and eighteen dollars and fifty-eight cents ($6,018.58), together with costs.

Thereafter, and on April 17, 1912, in said District Court, the plaintiff obtained, and there was entered pursuant to statutory provisions in said State, a judgment of revivor of the said judgment entered in August, 1895, for and in the amount of fourteen thousand and forty dollars and sixty-five cents ($14,040.65), together with costs; and for said

last-named sum, with interest thereon, and costs, plaintiff seeks judgment against the defendant here.

We find in the Wyoming Compiled Statutes, 1910, the following in force during all of said proceedings in the Court of that State: (Sec. 4689) If execution be not issued within five years a judgment becomes dormant; (Sec. 4664) No action shall be brought to revive the judgment after twenty-one years after it becomes dormant; (Sec. 4663) "When a judgment   *   *   *   becomes dormant, it may be revived in the same manner as prescribed for reviving actions before judgment; *   *   *   if sufficient cause be not shown to the contrary, the judgment shall stand revived for the amount which the Court finds to be due and unsatisfied thereon."

To the complaint the defendant has interposed a demurrer. And as grounds therefor, claimed on argument, the protection of the statute of limitations (Sec. 4076, R. S. Colo., 1908),—both the six-year and the three-months' periods therein given. That section reads thus:

"4076. Cause of action without the state—Six years—Sec. 16. It shall be lawful for any person against whom an action shall be commenced in any court of this state, wherein the cause of action accrued without this state, upon a contract or agreement expressed or implied, or upon a sealed instrument in writing, or upon a judgment or decree rendered in any court without this state, more than six years before the commencement of the action in this state, to plead the same in bar of the action in this state; Provided, That if said judgment or decree rendered without this state be based upon a cause of action which had accrued more than six years prior to the commencement of the action on such judgment or decree in this state, and the said judgment or decree had been rendered without this state more than three months prior to the bringing of such action thereon in this state, it shall be lawful for any person against whom any action or (on) such judgment or decree shall be brought, to plead the same in bar thereof."

It is contended by the defendant that the action here is on the judgment of August, 1895, that the proceedings in revival of that judgment were only in the nature of an order "that the plaintiff have execution for the judgment mentioned in the said scire facias, and costs," and that the court was without power to enter a judgment on those proceedings in the nature of an original judgment. 2 Freeman on Judgments, 4th Ed., §§ 442, 447; 1 Black on Judgments, § 498; 18 Encyclo. Pl. & Pr., p. 1061. And that in applying the six-year limitation, the date of the revival of said judgment (April, 1912) must be ignored.

[1] 1. The argument is plausible, and sustained by Meek v. Meek, 45 Iowa, 294; but in view of what is said in Lafayette County v. Wonderly, 92 Fed. 313, 34 C. C. A. 360, it can not be accepted as the rule here. In considering the effect and results of a proceeding by writ of scire facias, it is there said:

(Page 314) "Its purpose is not to raise the issue of the validity of the original judgment, but to offer the debtor an opportunity to show, if he can, that the former judgment has been paid, satisfied, or released, and, if he can not, to avoid the statute of limitations against the judgment and its lien, if it have one, and to give the creditor a new right of enforcement from the date of the judgment of revival. Its effect, when it results in a new judgment, is to avoid the statute of limitations, to set it running again from the date of the judgment of revival, and to reinstate the old judgment." (Page 316)

"One of the objects and effects of a revival is to avoid the statute of limitations, to give the creditor a new right to enforce his judgment from the date of the judgment of revival, and to set the statute of limitations to running from the date of the latter judgment. The creditor is entitled to pursue this purpose and to accomplish this result by the use of this writ, both under the express provisions of the statute of Missouri, and under the general rules of law which govern the use of the writ."

There is other authority sustaining the claim that scire facias is in substance a new action, tendering an issue for adjudication, rather than a mere continuation of the former suit; and that it creates a new right which the Court must finally adjudicate, as shown by the record of revivor. Browne v. Chavez, 181 U. S. 68, 71, 21 Sup. Ct. 514, 45 L. Ed. 752; Brown v. Wygant et al., 163 U. S. 618, 623, 16 Sup. Ct. 1159, 41 L. Ed. 284; La Fitte v. Salisbury, 43 Colo. 252, 95 Pac. 1065; Walsh v. Bosse, 16 Mo. App. 231.

It is claimed by defendant that the Wyoming statute was taken from Ohio and that before its adoption in Wyoming the Supreme Court of Ohio, in Misner v. Misner, 41 Ohio St. 678, held that the writ of scire facias to revive a judgment was not a new action, but additional proceedings in the original suit, merely to obtain execution on the original judgment, and that therefore the revival proceedings in the Wyoming Court should not be viewed as a judgment, but merely as an order. But nothing is discovered in the Wyoming statute, taken from Ohio, different from like statutes in other states providing for the revival of judgments. The Missouri statute, considered in Lafayette County v. Wonderly, supra, is substantially like the Wyoming statute. The principle involved is a general principle in law and we feel that the opinion in the Lafayette County case controls here, notwithstanding the Misner case.

[2] 2. The three-months' period of limitation, found in the above statute, was held void on account of fixing the time unreasonably short for the commencement of this character of action in Lamb v. Powder, etc., Co., 132 Fed. 434, 65 C. C. A. 570, 67 L. R. A. 558.

It is therefore ordered that the demurrer be overruled, and the defendant may have twenty days to answer.