## Margaret McDonald, by Patrick McDonald, Appellee, v. City of Spring Valley, Appellant.

### Gen. No. 6,488.

1. STATUTES, § 156*—*necessity of Legislature inserting saving clauses.* Where saving clauses to statutes are omitted by the Legislature, the courts are powerless to supply them.

2. MUNICIPAL CORPORATIONS, § 1224*—*who required to file notice of injuries with city attorney and clerk.* Section 2 of the Injuries Act (J. & A. ¶ 6190), providing that any person who is about to bring an action or suit in any court against a city, village or town for damages on account of any personal injury shall, either by himself, agent or attorney, within 6 months from the date of injury, or when the cause of action accrued, file a written statement of his accident and injuries with the city attorney and city clerk, is applicable to all persons regardless of age.

Appeal from the Circuit Court of Bureau county; the Hon. JOE A. DAVIS, Judge, presiding. Heard in this court at the October term, 1917. Reversed. Opinion filed February 12, 1918.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section, number.

M. P. Cornelius and J. E. Malone, Jr., for appellant; Manton Maverick, of counsel.

J. L. Spaulding and C. N. Hollerich, for appellee.

Mr. Presiding Justice Carnes delivered the opinion of the court.

The appellee, Margaret McDonald, a child 7 years old, brought this action March 27, 1917, by her next friend against the City of Spring Valley, the appellant, to recover damages for an injury to her person alleged to have been caused June 24, 1916, by the negligence of appellant in the care of its streets. She alleged in her declaration service of notice to appellant on March 14, 1917, in attempted compliance with section 2 of our Injuries Act of 1905 (Hurd's Rev. St. p. 1370, J. & A. ¶ 6190), and further alleged, in attempted avoidance of the provision that such notice must be served within 6 months from the date of the injury, that on account of her tender years she did not know and was not informed of the existence of the statute and because of her physical and mental incapacity it was impossible to give said notice.

Section 2 reads as follows:

"Any person who is about to bring any action or suit at law in any court against any incorporated city, village or town for damages on account of any personal injury shall, within six months from the date of injury, or when the cause of action accrued, either by himself, agent or attorney, file in the office of the city attorney (if there is a city attorney, and also in the office of the city clerk) a statement in writing, signed by such person, his agent or attorney, giving the name of the person to whom such cause of action has accrued, the name and residence of person injured, the date and about the hour of the accident, the place or location where such accident occurred, and the name and address of the attending physician (if any)."

A demurrer was filed on the ground that the declaration showed the plaintiff had failed to comply with the act, and overruled. The defendant electing to abide by its demurrer, a jury was called to assess damages and returned a verdict of $1,000, on which the court, after overruling the defendant's motions for a new trial and in arrest, entered judgment.

It is conceded by appellee's counsel, as it must be under numerous decisions of our Supreme Court, that the declaration must show a compliance with the statutory requirement. But they insist no statute can be construed as requiring an impossibility, and cite a number of Illinois cases, including *Condon v. City of Chicago,* 249 Ill. 596, holding that a construction of a statute which leads to an absurd consequence should be avoided, and say that to require service of notice by a child 7 years old incapable of appointing an agent for that purpose is absurd and the statute if so construed is unconstitutional and void. The contention in the above cited case was somewhat similar, and the court refused to read an exception into the statute and also held the act constitutional.

The only question presented here is whether the plaintiff was excused from complying with that requirement of the statute; whether the words "any person" used in the act are to be read as qualified by the phrase not under disability, not an infant, or not an infant of so tender years as to be entirely incapable of knowing or understanding and citing upon the requirements of law. Appellee argues that at least the last suggested phrase be inserted.

Many statutes prescribing the time within which some act must be performed, as for instance the statute of limitations, contain saving clauses in favor of persons under disability. The law has for a long time been settled that where saving clauses are omitted by the Legislature the courts are powerless to supply them. It was said in *Bank of Alabama v. Dal-*

*ton,* 9 How. (U. S.) 521, 528, the Legislature having made no exception, the courts of justice can make none, as this would be legislation; that the Legislature had made exceptions wherever it was deemed expedient, and the rule is established beyond controversy that the courts cannot add exceptions, and that the court was not aware that the reverse is held in any state in the union. The Supreme Court of Ohio in *Powell v. Koehler,* 52 Ohio St. 103, 119, quoted from Chancellor Kent in the case of *Demarest v. Wynkoop,* 3 Johns. Ch. 129, that: "The doctrine of any inherent equity creating an exception as to any disability, where the statute of limitations creates none, has been long, and, I believe, uniformly exploded. General words in the statute must receive a general construction; and if there be no express exception, the court can create none." Our Supreme Court in *Stevenson v. Westfall,* 18 Ill. 209, 217, treated the rule that a supposed disability not made an exception in the statute could not be made one by the court as so well established that it required only its statement without citation of authority. We find in the text of 25 Cyc. 1262, that no exception can be claimed in favor of minors in the statutory provision limiting the time for commencing actions given by such statute unless they are expressly mentioned by the statute as excepted. The author supports the text by reference to authorities of several states, as well as *Schauble v. Schulz,* 69 C. C. A. 581, 137 Fed. 389, holding that the exemptions usually accorded to infants do not rest upon any fundamental doctrine of the law but only upon expressed provisions therefor in the statute, and that it is competent for the Legislature to put infants and adults upon the same footing in this respect, and that such is the effect of a statute containing no saving clause exempting infants. In the late case of *Atlanta & W. P. R. Co. v. Coleman,* 142 Ga. 94, 82 S. E. 499, the court cites authorities in support of the above

rule, and gathers from them the proposition that the question whether the statutory limitation applies to infants so that they would not be barred is "not a matter of fundamental right, but of legislative intent."

In 1 Corpus Juris 977, the text discusses notice required by statute as a condition precedent to an action, and a note is added as to personal injury cases, and it is there said on the authority of *Hoffmann v. Milwaukee Elec. Railway & Light Co.*, 127 Wis. 76, 106 N. W. 808, that they apply to all persons, including minors.

· We do not understand counsel to deny the rule as applied to the general statute of limitations, but they say the principle underlying the two statutes are different; that the statute of limitations affects the remedy only, while this statute denies a right. We see little force in this distinction. The statute of limitations is now generally regarded as one of repose for the object of suppressing fraudulent and stale claims from springing up at great distances of time and surprising the parties or their representatives when all the proper evidences and vouchers are lost, or the facts are become obscure from lapse of time or the defective memory or death or removal of witnesses. (25 Cyc. 983.) The theory of the law is not that the plaintiff has no right, but that he shall not be permitted to enforce his right unless he complies with the requirements of the statute to do certain things which the law requires to be done in a prescribed manner within a time limited by the statute. He must not only assert his right but he must observe the law that defines what is and what is not the beginning of an action, and failing to do so he is deprived of all remedy. It may be technically correct to say that he is still in possession of his right of property, but so far as the question has any bearing here it is a distinction without a difference. Our Supreme Court in *Board of Education of Normal School Dist. v. Blod-*

*gett,* 155 Ill. 441, 450, in discussing this distinction between rights and remedies, quoted with approval the language in the dissenting opinion of Mr. Justice Bradley in *Campbell v. Holt,* 115 U. S. 620: ''Remedies are the life of rights, and are equally protected by the constitution. Deprivation of a remedy is equivalent to a deprivation of the right which it is intended to vindicate, unless another remedy exists or is substituted for that which is taken away.'' The object of the statute under consideration here is to furnish timely notice to the municipality that the party claims to have sustained an injury and proposes to enforce his claim for damages and thereby enable the corporation to investigate the claim while the facts are fresh and the justice of the claim can be readily ascertained. (*Donaldson v. Village of Dieterich,* 247 Ill. 522, 526.) The purpose of each statute is to protect the defendant from an action brought under conditions where he would not have a fair opportunity to ascertain the facts and prove a legitimate defense. We do not see that they differ in purpose or principle. If the service of the required notice in compliance with the statute is a condition precedent to the right of recovery, and it be true, as we understand counsel for appellee to contend, that this statute affects a right and not a remedy, then perhaps the rule should be applied that it is not an excuse for the nonperformance of a condition precedent that performance has become impossible if such performance has not been prevented by the act of the defendant, even though it was prevented by the act of God. (1 Corpus Juris 977.)

Counsel say, we think correctly, the question presented here has never been passed upon in this State. Similar statutes have been held applicable to cases of injuries to infants in other jurisdictions. In *Morgan v. City of Des Moines,* 54 Fed. 456, a child 4 years old was held barred of recovery by failure of service of the required statutory notice, the court saying:

"The law-making power of the State is charged with the duty of legislating, which it has exercised in this instance; and, whether exercised wisely or not (which this court is not called upon to decide), such legislation is binding upon this court." The case was affirmed by the Circuit Court of Appeals (60 Fed. 208), the court saying that it was entirely competent for the Legislature to enact a general statute putting minors and adults on the same footing as to all causes of action, and such would be the legal effect of a statute containing no saving clause exempting infants from its operation, and adding that this principle has never been questioned. In *Vance v. Vance,* 108 U. S. 514, the court said that the argument against the justice and wisdom of the statute which contains no saving clause in favor of infants must be addressed to the Legislature and not to the courts. To the same effect is *Davidson v. City of Muskegon,* 111 Mich. 454, 69 N. W. 670; *Peoples v. City of Valparaiso,* 178 Ind. 673, 100 N. E. 70; *Schmidt v. City of Fremont,* 70 Neb. 577; and *Ellis v. City of Kearney,* 80 Neb. 51.

There are cases holding the plaintiff excused from giving the required notice within the required time if he was physically and mentally unable to do so, among them *Born v. City of Spokane,* 27 Wash. 719, 68 Pac. 386; *Terrell v. City of Washington,* 158 N. C. 281, 73 S. E. 888; and *Murphy v. Village of Ft. Edward,* 213 N. Y. 397 [9 N. C. C. A. 279]. In the latter case the rule was applied in favor of a child 5 years old, held as matter of law to be excused because of physical and mental inability; but the court said its conclusion was not in accord with the rule enforced in some jurisdictions that infants are not excepted from the operation of the statutory requirement. These cases hold a declaration good if it alleges mental and physical incapacity, and where there is a doubt about the fact treat that as a question for the jury, opening the door to much controversy and robbing the statute

of a great part of its effect. They are based on supposed hardship in the application of the law as written by the Legislature. In some of them the time prescribed within which such notice must be given is so short that it might be well apprehended that a person seriously injured would not be able, and his friends might not be able in the exercise of ordinary diligence, to comply with the law. Our statute gives the plaintiff 6 months from the date of the injury, or when the cause of action accrued, to file the notice either by himself, or agent, or attorney. In the present case the notice was served by the plaintiff's next friend. No question is raised, and we think there is no doubt that such service, if it had been in time, was sufficient. While plaintiff could not appoint an agent or employ an attorney to act for her in the ordinary affairs of life, she could bring this suit by her next friend, and we have no doubt that he could legally act for her in the service of the notice. It is true that hardship and injustice may sometimes be occasioned in the enforcement of this statute as written. It is also true of the statute of limitations; but it is regarded as a necessary, beneficent law beyond the province of courts to amend, even if they regard it in some respects unwholesome and mischievous, much less to disregard in cases of individual hardship. In actual practice, judging from the numerous cases of injury to minors and small children constantly litigated in our courts, it would seem that their rights are quite as well and promptly asserted as are those of adults. But be that as it may, we are of the opinion that the Legislature in plain language made the statute applicable to all persons regardless of age, and that it is not the duty or privilege of a court to exclude from the operation of the act a large portion of mankind.

It follows that in our opinion the court erred in overruling the demurrer to the declaration, therefore the judgment is reversed. We assume no notice was

served on appellant other than as alleged in the declaration, therefore the cause is not remanded.

*Reversed.*